08 CV 0150

ARBITRATION, CLOSED

## U.S. District Court
## District of New Jersey [LIVE] (Newark)
## CIVIL DOCKET FOR CASE #: 2:07-cv-05221-FSH-PS
## Internal Use Only

#1

| | |
|---|---|
| ELMHADA et al v. PARK CAKE, INC. et al | Date Filed: 10/30/2007 |
| Assigned to: Judge Faith S. Hochberg | Date Terminated: 02/07/2008 |
| Referred to: Magistrate Judge Patty Shwartz | Jury Demand: Plaintiff |
| Cause: 42:2000e Job Discrimination (Employment) | Nature of Suit: 442 Civil Rights: Jobs |
| | Jurisdiction: Federal Question |

**Plaintiff**

**ABDELAZIZ ELMHADA**             represented by   **JAY CHATARPAUL**
                                                   CHATARPAUL LAW OFFICES, P.C.
                                                   50 HARRISON STREET
                                                   SUITE 211B
                                                   HOBOKEN, NJ 07030
                                                   (201) 222-0123
                                                   Email: info@chatarpaullaw.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

U.S. DISTRICT COURT
FILED
FEB 14 2008
S.D. OF N.Y.

**Plaintiff**

**ASHRAF F. NASSIEF**             represented by   **JAY CHATARPAUL**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**VICTOR TAWFIK**                 represented by   **JAY CHATARPAUL**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**PARK CAKE, INC.**               represented by   **THOMAS F. QUINN**
*doing business as*                                WILSON, ELSER, MOSKOWITZ,
L'EXPRESS                                          EDELMAN & DICKER, LLP
                                                   33 WASHINGTON STREET
                                                   NEWARK, NJ 07102
                                                   (973) 624-0800

CERTIFIED COPY
J. MICHAEL McMAHON,          **CLERK**

BY _____
        DEPUTY CLERK

Email: thomas.quinn@wilsonelser.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KIM MARIE CONNOR**
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
33 WASHINGTON STREET
NEWARK, NJ 07102
(973) 624-080
Fax: (973) 624-0799
Email: kim.connor@wilsonelser.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**THIERRY HAXAIRE**                    represented by  **THOMAS F. QUINN**
*Individually and as an Owner and*                    (See above for address)
*General Manager of L 'Express*                       *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **KIM MARIE CONNOR**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**"CARINE"**
*Individually and as a General Manager*
*of L 'Express*

**Defendant**

**JOHN AND JANE DOES NO. 1-50**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/30/2007 | ●1 | NOTICE OF REMOVAL by THIERRY HAXAIRE, PARK CAKE, INC. from NJ SUPERIOR COURT HUDSON COUNTY, case number L-4063-07. ( Filing fee $ 350 receipt number 1717557) (Attachments: # 1 notice of removal Exh 1# 2 Exh. 2-3# 3 corp disclosure# 4 Civil Cover Sheet)(ld, ) (Entered: 10/31/2007) |
| 10/30/2007 | ● | CASE REFERRED to Arbitration. (ld, ) (Entered: 10/31/2007) |
| 10/30/2007 | ●2 | Corporate Disclosure Statement by PARK CAKE, INC. (cs, ) (Entered: 11/05/2007) |
| 11/06/2007 | ●3 | CERTIFICATE of Counsel by KIM MARIE CONNOR on behalf of THIERRY HAXAIRE, PARK CAKE, INC. (Attachments: # 1 Certificate of Appearance)(CONNOR, KIM) (Entered: 11/06/2007) |
| 11/28/2007 | ●4 | First MOTION to Dismiss for Lack of Jurisdiction by THIERRY |

| | | |
|---|---|---|
| | | HAXAIRE, PARK CAKE, INC..Responses due by 12/10/2007 (Attachments: # 1 Brief # 2 Certification Certification and Exhibit A# 3 Text of Proposed Order)(QUINN, THOMAS) (Entered: 11/28/2007) |
| 11/29/2007 | | Set Deadline as to 4 First MOTION to Dismiss for Lack of Jurisdiction. Motion Hearing set for 12/24/2007 before Judge Faith S. Hochberg. (PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT) (sr, ) (Entered: 11/29/2007) |
| 12/10/2007 | 5 | RESPONSE to Motion re 4 First MOTION to Dismiss for Lack of Jurisdiction filed by ABDELAZIZ ELMHADA. (CHATARPAUL, JAY) (Entered: 12/10/2007) |
| 12/12/2007 | 6 | REPLY to Response to Motion re 4 First MOTION to Dismiss for Lack of Jurisdiction *and Dismissal of NJ LAD claims* filed by THIERRY HAXAIRE, PARK CAKE, INC.. (QUINN, THOMAS) (Entered: 12/12/2007) |
| 01/11/2008 | 7 | Letter-ORDER re: electronic case filing, etc. Signed by Judge Patty Shwartz on 1/11/08. (jd, ) (Entered: 01/14/2008) |
| 02/06/2008 | 8 | ORDER transferring action to the USDC for the Southern District of New York, & that Defts' motion to dismiss Pltfs' NJ Law against Discrimination claim for failure to state a claim shall be considered by the USDC for the Southern District of NY. Signed by Judge Faith S. Hochberg on 2/6/08. (sr, ) (Entered: 02/07/2008) |
| 02/07/2008 | | ***Civil Case Terminated. (sr, ) (Entered: 02/07/2008) |

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.

ATTEST:
WILLIAM T. WALSH, Clerk
United States District Court
District of New Jersey

By: _____ Deputy Clerk

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Thomas F. Quinn
33 Washington Street
Newark, New Jersey 07102-5003
Tel: (973) 624-0800
Fax: (973) 624-0799
Attorneys for Defendants Park Cake, Inc. d/b/a L'Express and Thierry Haxaire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDELAZIZ ELMHADA, ASHRAF F. NASSIEF & VICTOR TAWFIK, | : Civil Action: |
| Plaintiffs, | : |
| v. | : **NOTICE OF REMOVAL OF A CIVIL ACTION FROM SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, HUDSON COUNTY** |
| PARK CAKE, INC., D/B/A L'EXPRESS, THIERRY HAXAIRE, Individually and as an Owner and General Manager of L'Express, "CARINE," Individually and as a General Manager of L'Express, and JOHN AND JANE DOES No. 1-50, | : |
| Defendants. | : |

**TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

**PLEASE TAKE NOTICE,** that pursuant to 28 U.S.C. §1446(a), Defendants Park Cake Inc. d/b/a L'Express ("business") and Thierry Haxaire (collectively "Defendants"), by and through their undersigned attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, on this date have filed this Notice of Removal of a Civil Action from the Superior Court of New Jersey, Law Division, Hudson County, to the United States District Court for the District of New Jersey, together with all process, pleadings, and Orders, as required by 28 U.S.C. §1446(a), copies of which are attached hereto, and made part hereof and respectfully shows:

1.     Plaintiffs, Abdelaziz Elmhada, Ashraf F. Nassief & Victor Tawfik, filed a civil action before the Superior Court of New Jersey, Law Division, Superior Court, Hudson County, bearing Docket Number HUD-L-4063-07, entitled *Abdelaziz Elmhada, Ashraf F. Nassief & Victor Tawfik v. Park Cake, Inc., D/B/A L'Express Thierry Hazaire, Individually and as an Owner and General Manager of L'Express, "Carine," Individually and as a General Manager of L'Express, and John and Jane Does No. 1-50.* See true and exact copy of the Complaint, filed August 14, 2007, annexed hereto as Exhibit 1.

**Timeliness of Removal**

2.     These Defendants were served with the Summons and Complaint in New York on October 1, 2007. (Exhibit 2).

3.     In compliance with 28 U.S.C. §1446(b), this notice of removal is filed with this court within thirty (30) days after the receipt of a copy of the initial pleading setting forth the claim for relief upon which this action or proceeding was based and within thirty (30) days after service of summons.

**Plaintiff's Cause of Action**

4.     Plaintiffs' Complaint is a discrimination action arising out of their employment with the defendant in New York and purports to state a cause of action under Title VII of the Civil Rights Act of 1964, and under state law against Defendants arising out of alleged employment discrimination, including gender and ethic discrimination, sexual harassment and wrongful/constructive termination of their employment. Defendant's restaurant where Plaintiffs were employed is located in New York, New York in the borough of Manhattan. Specifically, each of the three Plaintiffs are seeking damages from Defendants, including back-pay, front-pay, bonuses, personal and vacation days, loss of pension benefits, compensatory damages, emotional

distress damages, punitive damages, pre-and post interest, attorney fees and other costs . <u>See</u> Exhibit 1 attached thereto.

### Basis for Federal Jurisdiction and Venue

**A.**    **Federal Question – 28 <u>U.S.C.</u> § 1331**

5.    As noted above, Plaintiffs each seeks relief under Title VII of the Civil Rights Act of 1964, as amended (42 <u>U.S.C.</u> §§ 2000e et. seq.), and claims to have obtained the requisite receipt of the Notice of Right to Sue letter.  We have not been provided with a copy of the Right to Sue letter.

6.    Thus, Plaintiffs each allege a cause of action which requires the interpretation of the United States Code, thereby granting this Court jurisdiction over this action pursuant to §1331 (federal question), and thus authorizing removal from State Court to this Court pursuant to §1441(b) (removal based on federal question).

7.     Further, this Court may exercise supplemental jurisdiction over Plaintiffs' State and common law claims for damages arising out or related to such alleged workplace discrimination pursuant to § 1441(c) and §1367.

8.    Based upon the above, Defendants are entitled to remove this action pursuant to §1441 (b) and (c).

### B.    <u>Diversity Jurisdiction</u>

9.    In addition, or alternatively, this Court also has diversity jurisdiction pursuant to 28 <u>U.S.C.</u> §1332(a) because Defendant's business is located in New York and is incorporated in New York.  In addition, defendant Thierry Haxaire, the business owner, is a resident of New York currently residing at 513 West 152nd St, New York, New York, 10031.   In addition, the last named defendant, "Carine" whose name is believed to be Carine Chauvet, was previously a

General Manager of Park Cake d/b/a L'Express, and is unserved with the Summons and Complaint. Defendant's records show that she too is a New York resident, and Plaintiffs admit same in the Complaint. <u>See</u>: Plaintiffs' Complaint, Exhibit 1, ¶38. Further, we have tried to reach her regarding her consent to remove this case, but have not been successful. According to the Complaint, Plaintiffs are residents of New Jersey. <u>See</u>: Plaintiffs' Complaint, Exhibit 1, ¶1-3.

10.     Plaintiffs have demanded relief from Defendants allegations, if proven to be true, would result in a judgment in excess of $75,000, thus satisfying the $75,000 minimum amount in controversy required by 28 U.S.C. §1332(a).

11.     Defendants, therefore, are entitled to remove this action pursuant to 28 <u>U.S.C.</u> §1441.

**C.     <u>Venue</u>**

12.     Venue for this removal action is proper in this vicinage as two Plaintiffs reside in Hudson County and one Plaintiff resides in Passaic County. (See Plaintiffs' Complaint, Exhibit 1, ¶1-3).

**<u>Defendants Will Seek To Transfer This Case to the New York United States District Court</u>**

**A.     No Personal Jurisdiction in New Jersey**

13.     Upon removal to this Court, it is the intention of Defendants to seek dismissal of the Complaint upon the fact that New Jersey does not have personal jurisdiction over Defendants.

13.     As noted above, Defendant business is a New York Corporation located in New York, New York, and all individual defendants are residents of New York.   None of the

Defendants have ties with New Jersey which would confer New Jersey with personal jurisdiction over them.

14.     Plaintiffs' allege that they were subjected to workplace discrimination which took place at the New York restaurant, during their employment at the restaurant, and committed by management of the restaurant, which Defendants are also residents of New York.

15.     None of the acts alleged against Defendants were committed in New Jersey.

16.     Plaintiffs will not be able to establish the minimum contacts necessary to confer upon them personal jurisdiction in New Jersey.  (See e.g., Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) "Due process requires that the defendant have "minimum contacts" in the forum state, and that the exercise of jurisdiction comport with "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945) (quotations omitted). The Supreme Court has stated that "minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within  the forum State, thus invoking the benefits and protections of its laws.'" Asahi Metal Indus. Co., Ltd. v. Superior Court of California, 480 U.S. 102, 109, 94 L. Ed. 2d 92, 107 S. Ct. 1026 (1987) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985)).")

17.     Alternatively, Defendants will seek this Court to transfer the case under 28 U.S.C. 1404 to the United States District Court for the Southern District of New York.

### Filing of Petition for Removal

18.     Upon filing the within Notice of Removal in the office of the Clerk of the United States District Court for the District of New Jersey, the Defendants also filed copies of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Hudson County, to

effect removal of this action to the United States District Court pursuant to 28 U.S.C. §1441 and U.S.C. §1446. A true and exact copy of the Notice filed with the Superior Court of New Jersey is annexed hereto as Exhibit 3.

**WHEREFORE,** Defendants Park Cake, Inc. d/b/a L'Express and Thierry Haxaire pray that given that the statutory requirements having been met, that the above-captioned action now pending in Superior Court of New Jersey, Law Division, Hudson County, be removed therefrom to this Court.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**
Attorneys for Defendants Park Cake, Inc. d/b/a L'Express and
Thierry Haxaire


By: __/s/ Thomas Quinn_____
        Thomas F. Quinn, Esq. (TQ 3063)

Dated: 10/30/2007

661171.1

# EXHIBIT 1

**FILED**
TEAM #2

AUG 1 4 2007

SUPERIOR COURT OF NEW JERSEY
COUNTY OF HUDSON
CIVIL DIVISION #4

Chatarpaul law Offices, P.C.
50 Harrison Street, Suite 211B
Hoboken, New Jersey 07030
(201) 222-0123
*Attorneys for Plaintiffs*

ABDELAZIZ ELMHADA, ASHRAF F.          SUPERIOR COURT OF NEW JERSEY
NASSIEF & VICTOR TAWFIK,              LAW DIVISION: HUDSON COUNTY

                Plaintiffs,           DOCKET NO. *L 4063-07*

        v.                            CIVIL ACTION

                                      COMPLAINT

PARK CAKE, INC., D/B/A L'EXPRESS
THIERRY HAXAIRE, Individually and as an
Owner and General Manager of L'Express,
"CARINE," Individually and as a General
Manager of L'Express, and JOHN AND
JANE DOES No. 1-50,

                Defendants.

Plaintiffs, by their attorneys, Chatarpaul Law Offices, P.C., complaining of the

Defendants, respectfully allege as follows:

1.      Plaintiff, Abdelaziz Elmhada, was and at all times hereinafter mentioned a

resident of the State of New Jersey, City of Clifton, County of Passaic, residing at 10 Hawthorne

Avenue, Clifton, New Jersey.

2.      Plaintiff, Ashraf F. Nassif, was and at all times hereinafter mentioned a resident of

the State of New Jersey, City of Jersey City, County of Hudson, residing at 2695 Kennedy

Boulevard, Jersey City, New Jersey.

3.      Plaintiff, Victor Tawfik, was and at all times hereinafter mentioned a resident of

the State of New Jersey, City of Bayonne, County of Hudson, residing at 41 Kelly Parkway,

Bayonne, New Jersey 07002.

1

4..   Defendant, Park Café, Inc., d/b/a L'Express was and all times hereinafter mentioned a restaurant located at 249 Park Avenue South, New York, New York.

5.   Defendant Thierry Haxaire, was and all times hereinafter mentioned an owner and managing partner of Park Café, Inc., d/b/a L'Express and whose duties and functions include hiring, promotion and termination of employees.

6.   Defendant "Carine" was and all times hereinafter mentioned a general manager of L'Express, whose duties and functions include hiring, promotion and termination of employees.

## BACKGROUND

**Abdelaziz Elmhada**

7.   Plaintiff, Abdelaziz Almhada, (hereinafter "Almhada") began working for defendant Park Café, Inc., d/b/a L'Express (hereinafter "L'Express") in January 15, 1998 as a cook.

8.   Throughout the course of his employment, Almhada was promoted to various other positions within L'Express, the last such promotion to senior manager, with an annual salary of $52,200.00 on December 15, 2000.

9.   Despite the aforementioned promotions, Elmhada was subjected to various acts of discrimination during his employment with L'Express.

10.   At the time of his termination, Elmhada was 47 years old, single father of a young child and of Moroccan background.

2

11.    On or about April 26, 2006, defendant Haxsaire (hereinafter "Haxaire") began making highly offensive comments regarding Elmhada's ethnic background, and these comments continued until Elmhada was terminated.

12.    Such comments would include "you Moroccan people are always making trouble" and showing Elmhada emails and websites displaying offensive jokes about Arabs and Moroccan people.

13.    On or about December, 2006/January 2007, Elmhada complained to Haxsaire that another employee (plaintiff Victor Tawfik) was subjected to continuous sexual harassment by Defendant "Carine," the general manager of L'Express, who was hired by Haxaire in September 2006.

14.    Haxaire took no action with respect to this complaint.

15.    On or about December,2006/January 2007, Elmhada also complained to another owner of L'Express, Simon Orea, about the sexual harassment of "Carine."

16.    Haxaire was then directed or ordered to terminate "Carine's" employment as a result of the complaints of sexual harassment.

17.    On or about January 5, 2006, Haxaire fired "Carine" pursuant to the direction of Simon Orea.

18.    Three (3) days later, on January 8, 2007,  Haxaire called Elmhada into his office and told him that he was fired as well.

19.    Haxaire told Elmhada that since he was forced to fire "Carine," he was going to fire him because of the complaints he made to the upper level management, i.e., to Simon Orea.

20.    Haxaire also told Elmhada that he needed "young people" and "fresh blood" to work for the restaurant.

3

21.    On January 8, 2007, Elmhada was fired, along with Plaintiff Ashraf Nassief (discussed below).

**Ashraf F. Nassief**

22.    Plaintiff Ashraf Nassif (hereinafter "Nassief") commenced employment with L'Express on or about June 2000.

23.    On or about October 2006, defendant "Carine" and a female friend touched Nassief inappropriately during his work shift.

24.    Nassief objected to this inappropriate touching and indicated that it was offensive to him.

25.    This type of offensive touching was sexual in nature and was offensive to Nassief.

26.    Defendant Carine was unmoved by Nassief's complaint and her conduct towards Nassief continued.

27.    In the early part of November 2006, Nassief again protested to defendant's Carine's unlawful and unwanted sexual harassment. However, Defendant stated to Nassief that "I am a woman and you are a man; just be nice to me and I will give you a raise and better hours."

28.    Nassief refused to subject himself to defendant "Carine's" unwanted sexual advance as he was married with children.

29.    Frustrated, Defendant Carine told Nassief "you are too old for the job."

30.    Nassief was 41 years old at the time of his termination.

31.    On or about December 2006, Nassief complained in a daily shift report to the Senior Manager ("Barbara") that he was having difficulties working with Defendant Carine.

4

32.     Additionally, Nassief informed "Barbara" of the acts of discrimination and sexual harassment by "Carine."

33.     On January 5, 2007, Defendant Carine was terminated by L'Express.

34.     On January 8, 2007,  while on vacation plaintiff Nassief was also terminated by telephone after being employed for almost 7 years by L'Express.

**Victor Tawfik**

35.     Plaintiff Victor Tawfik (hereinafter "Tawfik") was employed by L'Express as a part time host on or about September 2006.

36.     At the time of his hiring,  Tawfik was approximately 22 years old.

37.     As soon as he was hired by L'Express and assigned to his duty as a host, Tawfik immediately became a victim to Defendant's "Carine's" sexual harassment.

38.     On or about October 6, 2006, at the end of Tawfik's shift (6:30 am), defendant Carine requested that Tawfik drove her home to her Manhattan apartment.

39.     While in front of her apartment building at approximately 6:45 a.m. defendant Carine sat in Tawfik vehicle and attempted to kiss Tawfik, touching his hand and body and requested that Tawfik go with her into her apartment for the purpose of having sex.

40.     Defendant "Carine" told Tawfik that she would make him a night manager if he would be her boyfriend.

41.     Defendant "Carine" also assured Tawfik that she could not get pregnant because she had a vasectomy.

42.     Tawfik refused to go with Defendant "Carine" into her apartment.

43.     Defendant "Carine"  remained in Tawfik's vehicle for several hours attempting to encourage him to accompany her to her apartment for sex.

5

44. Following this incident, Defendant "Carine" would repeatedly contacted Tawfik on his cell phone in Bayonne, New Jersey for the purpose of sexual favors.

45. Each time Defendant "Carine" would request that she come to Tawfik's home in Bayonne for the purpose of having sex.

46. Each time, Tawfik would inform her that his religion did not permit such kind of sexual acts while unmarried.

47. Subsequently, Defendant "Carine" would continue encouraging Tawfik to date her, and such acts and conducts include touching of his buttocks, pulling on his shirt, etc.

48. These acts and conducts occurred at his place of employment.

49. On or about October 13, 2007, Defendant "Carine" again requested that Tawfik drive her home after the end of Tawfik's shift.

50. Tawfik again complied as he believed that if he did not comply with the wishes of "Carine," he would lose his job.

51. While in front of Defendant "Carine" apartment building, "Carine" again attempted to get Tawfik to go with her into her apartment, telling her that she lives alone and no one else was in the apartment.

52. Defendant "Carine" did not want to leave Tawfik's vehicle and at one point started to cry.

53. Subsequently, "Carine" would repeatedly requests sexual favors, and would repeatedly contact Tawfik on his cell phone in New Jersey.

50. Tawfik complained to Defendant Haxaire, who apologized to Tawfik.

54. However, Defendant Haxaire failed to take any action.

6

55.    Tawfik told several other employees of L'Express, including Plaintiffs Almhada and Nassief.

56.    On or about December 2006, Tawfik called Haxaire and told him that he was not returning to work.

57.    Tawfik was forced to resign his position with L'Express as a result of the constant sexual harassment of defendant "Carine."

## COUNT I

1.    Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.    That the aforementioned acts and conducts of the defendants, its agents and employees constitute sexual harassment in violation of the New Jersey Law Against Discrimination.

3.    As a result of foresaid wrongful acts of the Defendants, its agents and employees, plaintiff have suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation.

7

## COUNT II

1.    Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.    That the aforementioned acts and conducts of the defendants, its agents and employees constitute sexual harassment in violation Title VII of the Civil Rights Act of 1964, as amended.

3.    Plaintiffs' complaint (Elmhada and Nassif) were brought within 90 days of the receipt of the Notice of Right to Sue letter.

4.    As a result of foresaid wrongful acts of the Defendants, its agents and employees, plaintiff have  suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation.

## COUNT III

1.    Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.    That the aforementioned acts and conducts of the defendants, its agents and employees constitute retaliation in violation of the New Jersey Law Against Discrimination.

3.    As a result of foresaid wrongful acts of the Defendants, its agents and employees, plaintiff have  suffered economic injury, including loss of income and career opportunities,

8

humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation.

## COUNT IV

1.    Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.    That the aforementioned acts and conducts of the defendants, its agents and employees constitute retaliation in violation Title VII of the Civil Rights Act of 1964, as amended.

3.    Plaintiffs' complaint (Elmhada and Nassif) were brought within 90 days of the receipt of the Notice of Right to Sue letter.

4.    As a result of foresaid wrongful acts of the Defendants, its agents and employees, plaintiffs (Elmhada and Nassif) have  suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation.

## COUNT V

1.    Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.    Defendants, its agents and employees, had a duty of care to the Plaintiffs to protect each from sexual harassment and retaliation based on sex.

3    That the Defendants, its agents and employees, breached that duty in violation of the Law Against Discrimination.

4.    As a result of foresaid wrongful acts of the Defendants, its agents and employees, plaintiffs (Elmhada and Nassif) have  suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation.


## COUNT VI

1.    Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.    Defendants, its agents and employees, had a duty of care to the Plaintiffs to protect each from sexual harassment and retaliation based on sex.

3    That the Defendants, its agents and employees, breached that duty in violation of the Civil Rights Act of 1964, as amended.

4.    Plaintiffs' complaint (Elmhada and Nassif) were brought within 90 days of the receipt of the Notice of Right to Sue letter

10

5.      As a result of foresaid wrongful acts of the Defendants, its agents and employees, plaintiffs have suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation.

## COUNT VII

1.      Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.      Defendants, its agents and employees, were required to have institute and/or maintain policies and procedures designed to prohibit sexual harassment and sex discrimination at plaintiff's place of employment.

3.      Defendants, its agents and employees, failed to institute and/or maintain policies and procedures designed to prohibit sexual harassment and sex discrimination at plaintiffs' place of employment.

4.      That such failure constitutes a violation of the Law Against Discrimination.

5.      As a result of foresaid failure of the Defendants, its agents and employees, plaintiffs have suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

11

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation.

## COUNT VIII

1.   Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.   Defendants, its agents and employees, were required to have institute and/or maintain policies and procedures designed to prohibit sexual harassment and sex discrimination at plaintiff's place of employment.

3.   Defendants, its agents and employees, failed to institute and/or maintain policies and procedures designed to prohibit sexual harassment and sex discrimination at plaintiff's place of employment.

4.   That such failure constitutes a violation of the Civil Rights Act of 1964, as amended.

5.   Plaintiffs' complaint (Elmbada and Nassif) were brought within 90 days of the receipt of the Notice of Right to Sue letter

6.   As a result of foresaid failure of the Defendants, its  agents and employees, plaintiffs have  suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days,

lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation.

## COUNT IX

1. Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2. The aforementioned conducts of the Defendants, its agents and employees, constitute age discrimination with respect to Plaintiffs Elmhada and Nassief, and in violation of the New Jersey Law Against Discrimination, as the positions of Elmhada and Nassief were replaced with substantially younger employees.

3. As a result of foresaid acts and conducts of the Defendants, its agents and employees, plaintiffs Elmhada and Nassief have suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation

## COUNT X

1. Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2. The aforementioned conducts of the Defendants, its agents and employees, constitute age discrimination with respect Plaintiffs Elmhada and Nassief, and in violation of the Age Discrimination in Employment Act, as the positions of Elmhada and Nassief were replaced with substantially younger employees.

13

3.    Plaintiffs' complaint (Elmhada and Nassif) were brought within 90 days of the receipt of the Notice of Right to Sue letter.

4.    As a result of foresaid failure of the Defendants, its  agents and employees, plaintiffs have  suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation.

## COUNT XI

1.    Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.    The aforementioned conducts of the Defendants, its agents and employees, constitute ethnic and national origin discrimination with respect Plaintiffs Elmhada and Nassief, and in violation of the New Jersey Law Against Discrimination.

3.    As a result of foresaid acts and conducts of the Defendants, its  agents and employees, plaintiffs Elmhada and Nassief have suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days,

lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation

### COUNT XII

1.  Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.  The aforementioned conducts of the Defendants, its agents and employees, constitute ethnic and national origin discrimination with respect Plaintiffs Elmhada and Nassief, and in violation of the Civil Rights Act of 1964, as amended.

3.  Plaintiffs' complaint (Elmhada and Nassif) were brought within 90 days of the receipt of the Notice of Right to Sue letter.

4.  As a result of foresaid failure of the Defendants, its agents and employees, plaintiffs have suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation.

### COUNT XIII

1.  Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.  That the aforementioned acts and conducts of the defendants, its agents and employees against Plaintiffs Nassief and Tawfik were unwelcome, intentional and offensive, and thus constitute battery perpetrated by the defendants without the consent of the plaintiffs.

15

3.    As a result of foresaid acts of the Defendants, its agents and employees, plaintiffs have suffered humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation.

## COUNT XIV

1.    Plaintiff repeats and reincorporates each allegation heretofore alleged.

2.    Defendants, its employees and agents, failed to properly hire, train, and educate its employees with respect to avoiding and/or preventing discriminatory treatment of its employees by other employees, supervisors and/or managers, and such failure to properly hire, train, and educate, directly contributed to the conducts mentioned above.

3.    As a result of Defendants' failure to properly hire, train, and educate its employees with respect to preventing discriminatory treatment of its employees by other employees, supervisors and/or managers, Plaintiffs suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees multiplied under the law Against Discrimination,

costs of suits, as well as the imposition of policies and procedures designed to comply with state labor laws.

### COUNT XV

1.     Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.     That Defendants, its agents and employees terminated each of the Plaintiff's employment in violation of its written and unwritten contracts as contained in their handbook, employment application, disciplinary manual, and other written documents and/or internal informal procedures and practices.

3.     As a result, Plaintiffs suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiff demand judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, pre-and post judgment interest, reasonable attorneys' fees, costs and any other remedy deemed just and proper.

### COUNT XVI

1.     Plaintiffs  repeat and reincorporate  each allegation heretofore alleged.

2.     That the conducts, actions, omissions, statements of the Defendants, its agents and employees, as mentioned above, were intentional, extreme, reckless and outrageous and which caused severe emotional distress to the Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days,

17

lost pension benefits, emotional distress, consequential damages, pre-and post judgment interest,

reasonable attorneys' fees, costs and any other remedy deemed just and proper.

August 10, 2007

> Chatarpaul Law Offices, P.C.
> 50 Harrison Street, Suite 211B
> Hoboken, New Jersey 07030
> (201) 222-0123
> *Attorneys for Plaintiffs*
>
> By
> Jay Chatarpaul, Esq

### DEMAND FOR JURY TRIAL
Plaintiff hereby demands a trial by jury as to all issues

### DEMAND FOR INSURANCE AGREEMENT

Pursuant to R. 4: 10-2(b), demand is hereby made that you disclose to the undersigned whether there are an

insurance agreements or policies under which any person or firm carrying on an insurance business may be

liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for

payment made to satisfy the judgment. If so, please attach a copy each, or in the alternative state, under

oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration

date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property

damage limits; and (g) medical payment limits.

Jay Chatarpaul, Esq.

18

## DESIGNATION OF TRIAL COUNSEL

Jay Chatarpaul, Esq. is designated as trial counsel in this matter.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that the matters in controversy in this action are not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated.

JAY CHATARPAUL

19

01/03/2006  16:28    2016031151           CHATARPAUL LAW OFFIC           PAGE  05/26

HUDSON COUNTY SUPERIOR COURT
HUDSON COUNTY
583 NEWARK AVENUE
JERSEY CITY      NJ 07306
                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (201) 217-5162
COURT HOURS

                    DATE:   AUGUST 14, 2007
                    RE:     ELMHADA ETALS VS PARK CAKE INC ETAL
                    DOCKET: HUD L -004063 07

      THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

      DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

      THE PRETRIAL JUDGE ASSIGNED IS:  HON BARBARA A. CURRAN

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      003
AT:  (201) 795-6909.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                         JAY J. CHATARPAUL
                         50 HARRISON STREET
                         SUITE 316
                         HOBOKEN            NJ 07030

JULIGALO

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

FOR USE BY CLERK'S OFFICE ONLY

Use for initial Law Division – Civil Part pleadings (not motions) under Rule 4:5-1.
**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: CK CG CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| JAY CHATARPAUL, ESQ | ( 201 ) 222-0123 | HUDSON |

FIRM NAME (If applicable)
CHATARPAUL LAW OFFICES, P.C.

DOCKET NUMBER (When available)
L 4063-07

OFFICE ADDRESS
50 HARRISON STREET, SUITE 211B
HOBOKEN, NEW JERSEY 07030

DOCUMENT TYPE
COMPLAINT

JURY DEMAND  ☑ YES  ☐ NO

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| ABDELAZIZ ELMHADA, ASHRAF F. NASSIEF & VICTOR TAWFIK, Plaintiffs | ABDELAZIZ ELMHADA, ASHRAF F. NASSIEF & VICTOR TAWFIK v. PARK CAKE, INC., D/B/A L'EXPRESS THIERRY HAXAIRE, Individually and as an Owner and General Manager of L'Express, "CARINE," Individually and as a General Manager of L'Express, and JOHN AND JANE DOES No. 1-50 |

CASE TYPE NUMBER
(See reverse side for listing)  618

IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☑ NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING?  ☐ YES  ☑ NO

IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  ☑ YES  ☐ NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN
☐ NONE  ☑ UNKNOWN

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

---

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ☑ YES  ☐ NO

IF YES, IS THAT RELATIONSHIP
☑ EMPLOYER-EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)
☐ FAMILIAL  ☐ BUSINESS

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  ☐ YES  ☑ NO
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

WILL AN INTERPRETER BE NEEDED?  ☐ YES  ☑ NO
IF YES, FOR WHAT LANGUAGE:

ATTORNEY SIGNATURE

Revised effective 4/1/05

01/03/2006  16:28  2015031151          CHATARPAUL LAW OFFIC          PAGE  07/26

| SIDE 2 |  | CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial pleadings (not motions) under *Rule 4:5-1* |

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
- 151   NAME CHANGE
- 175   FORFEITURE
- 302   TENANCY
- 399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502   BOOK ACCOUNT
- 505   OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506   PIP COVERAGE
- 510   UM or UIM CLAIM
- 511   ACTION ON NEGOTIABLE INSTRUMENT
- 512   LEMON LAW
- 599   CONTRACT/COMMERCIAL TRANSACTION
- 801   SUMMARY ACTION
- 802   OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)

**Track II — 300 days' discovery**
- 305   CONSTRUCTION
- 509   EMPLOYMENT (other than CEPA or LAD)
- 602   ASSAULT AND BATTERY
- 603   AUTO NEGLIGENCE – PERSONAL INJURY
- 605   PERSONAL INJURY
- 610   AUTO NEGLIGENCE – PROPERTY DAMAGE
- 699   TORT – OTHER

**Track III — 450 days' discovery**
- 005   CIVIL RIGHTS
- 301   CONDEMNATION
- 604   MEDICAL MALPRACTICE
- 606   PRODUCT LIABILITY
- 607   PROFESSIONAL MALPRACTICE
- 608   TOXIC TORT
- 609   DEFAMATION
- 616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 017   INVERSE CONDEMNATION
- 618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
- 156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303   MT. LAUREL
- 508   COMPLEX COMMERCIAL
- 701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Mass Tort (Track IV)**
- 240   REDUX/PHEN-FEN (formerly "DIET DRUG")          601 ASBESTOS
- 248   CIBA GEIGY          619 VIOXX
- 264   PPA

999 OTHER (Briefly describe nature of action) _____

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."**

Please check off each applicable category:

☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59

**Name of Defendants to be served:**    (1) PARK CAFÉ, INC., DBA L'EXPRESS
                                        (2) THIERRY HAXAIRE

**Address for Service:**                249 Park Avenue South, New York, New York 10003

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street., P.O. Box 750
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 263-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad St., P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House, 71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
EGAL SERVICES
(908) 354-4340

**WARREN COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 387-1835
LEGAL SERVICES
(908) 475-2010

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Thomas F. Quinn
33 Washington Street
Newark, New Jersey 07102-5003
Tel: (973) 624-0800
Fax: (973) 624-0799
Attorneys for Defendants Park Cake, Inc. d/b/a L'Express and Thierry Haxaire

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDELAZIZ ELMHADA, ASHRAF F. NASSIEF : & VICTOR TAWFIK, : | Civil Action: |
| **Plaintiffs,** : | |
| v. : | **NOTICE OF REMOVAL OF A CIVIL ACTION FROM SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, HUDSON COUNTY** |
| PARK CAKE, INC., D/B/A L'EXPRESS, : THIERRY HAXAIRE, Individually and as an : Owner and General Manager of L'Express, : "CARINE," Individually and as a General Manager : of L'Express, and JOHN AND JANE DOES No. 1- : 50, : | |
| **Defendants.** : | |

**TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

**PLEASE TAKE NOTICE,** that pursuant to 28 U.S.C. §1446(a), Defendants Park Cake Inc. d/b/a L'Express ("business") and Thierry Haxaire (collectively "Defendants"), by and through their undersigned attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, on this date have filed this Notice of Removal of a Civil Action from the Superior Court of New Jersey, Law Division, Hudson County, to the United States District Court for the District of New Jersey, together with all process, pleadings, and Orders, as required by 28 U.S.C. §1446(a), copies of which are attached hereto, and made part hereof and respectfully shows:

661171.1

1.     Plaintiffs, Abdelaziz Elmhada, Ashraf F. Nassief & Victor Tawfik, filed a civil action before the Superior Court of New Jersey, Law Division, Superior Court, Hudson County, bearing Docket Number HUD-L-4063-07, entitled *Abdelaziz Elmhada, Ashraf F. Nassief & Victor Tawfik v. Park Cake, Inc., D/B/A L'Express Thierry Hazaire, Individually and as an Owner and General Manager of L'Express, "Carine," Individually and as a General Manager of L'Express, and John and Jane Does No. 1-50*. See true and exact copy of the Complaint, filed August 14, 2007, annexed hereto as Exhibit 1.

**Timeliness of Removal**

2.     These Defendants were served with the Summons and Complaint in New York on October 1, 2007. (Exhibit 2).

3.     In compliance with 28 U.S.C. §1446(b), this notice of removal is filed with this court within thirty (30) days after the receipt of a copy of the initial pleading setting forth the claim for relief upon which this action or proceeding was based and within thirty (30) days after service of summons.

**Plaintiff's Cause of Action**

4.     Plaintiffs' Complaint is a discrimination action arising out of their employment with the defendant in New York and purports to state a cause of action under Title VII of the Civil Rights Act of 1964, and under state law against Defendants arising out of alleged employment discrimination, including gender and ethic discrimination, sexual harassment and wrongful/constructive termination of their employment. Defendant's restaurant where Plaintiffs were employed is located in New York, New York in the borough of Manhattan. Specifically, each of the three Plaintiffs are seeking damages from Defendants, including back-pay, front-pay, bonuses, personal and vacation days, loss of pension benefits, compensatory damages, emotional

distress damages, punitive damages, pre-and post interest, attorney fees and other costs . <u>See</u> Exhibit 1 attached thereto.

### Basis for Federal Jurisdiction and Venue

A.      **Federal Question – 28 <u>U.S.C.</u> § 1331**

5.      As noted above, Plaintiffs each seeks relief under Title VII of the Civil Rights Act of 1964, as amended (42 <u>U.S.C.</u> §§ 2000e et. seq.), and claims to have obtained the requisite receipt of the Notice of Right to Sue letter.  We have not been provided with a copy of the Right to Sue letter.

6.      Thus, Plaintiffs each allege a cause of action which requires the interpretation of the United States Code, thereby granting this Court jurisdiction over this action pursuant to §1331 (federal question), and thus authorizing removal from State Court to this Court pursuant to §1441(b) (removal based on federal question).

7.      Further, this Court may exercise supplemental jurisdiction over Plaintiffs' State and common law claims for damages arising out or related to such alleged workplace discrimination pursuant to § 1441(c) and §1367.

8.      Based upon the above, Defendants are entitled to remove this action pursuant to §1441 (b) and (c).

### B.      <u>Diversity Jurisdiction</u>

9.      In addition, or alternatively, this Court also has diversity jurisdiction pursuant to 28 <u>U.S.C.</u> §1332(a) because Defendant's business is located in New York and is incorporated in New York.  In addition, defendant Thierry Haxaire, the business owner, is a resident of New York currently residing at 513 West 152nd St, New York, New York, 10031.   In addition, the last named defendant, "Carine" whose name is believed to be Carine Chauvet, was previously a

General Manager of Park Cake d/b/a L'Express, and is unserved with the Summons and Complaint. Defendant's records show that she too is a New York resident, and Plaintiffs admit same in the Complaint. See: Plaintiffs' Complaint, Exhibit 1, ¶38. Further, we have tried to reach her regarding her consent to remove this case, but have not been successful. According to the Complaint, Plaintiffs are residents of New Jersey. See: Plaintiffs' Complaint, Exhibit 1, ¶1-3.

10.    Plaintiffs have demanded relief from Defendants allegations, if proven to be true, would result in a judgment in excess of $75,000, thus satisfying the $75,000 minimum amount in controversy required by 28 U.S.C. §1332(a).

11.    Defendants, therefore, are entitled to remove this action pursuant to 28 U.S.C. §1441.

**C.    Venue**

12.    Venue for this removal action is proper in this vicinage as two Plaintiffs reside in Hudson County and one Plaintiff resides in Passaic County. (See Plaintiffs' Complaint, Exhibit 1, ¶1-3).

**Defendants Will Seek To Transfer This Case to the New York United States District Court**

**A.    No Personal Jurisdiction in New Jersey**

13.    Upon removal to this Court, it is the intention of Defendants to seek dismissal of the Complaint upon the fact that New Jersey does not have personal jurisdiction over Defendants.

13.    As noted above, Defendant business is a New York Corporation located in New York, New York, and all individual defendants are residents of New York. None of the

Defendants have ties with New Jersey which would confer New Jersey with personal jurisdiction over them.

14.     Plaintiffs' allege that they were subjected to workplace discrimination which took place at the New York restaurant, during their employment at the restaurant, and committed by management of the restaurant, which Defendants are also residents of New York.

15.     None of the acts alleged against Defendants were committed in New Jersey.

16.     Plaintiffs will not be able to establish the minimum contacts necessary to confer upon them personal jurisdiction in New Jersey.  (See e.g., Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) "Due process requires that the defendant have "minimum contacts" in the forum state, and that the exercise of jurisdiction comport with "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945) (quotations omitted). The Supreme Court has stated that "minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within  the forum State, thus invoking the benefits and protections of its laws.'" Asahi Metal Indus. Co., Ltd. v. Superior Court of California, 480 U.S. 102, 109, 94 L. Ed. 2d 92, 107 S. Ct. 1026 (1987) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985)).")

17.     Alternatively, Defendants will seek this Court to transfer the case under 28 U.S.C. 1404 to the United States District Court for the Southern District of New York.

**Filing of Petition for Removal**

18.     Upon filing the within Notice of Removal in the office of the Clerk of the United States District Court for the District of New Jersey, the Defendants also filed copies of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Hudson County, to

effect removal of this action to the United States District Court pursuant to 28 U.S.C. §1441 and

U.S.C. §1446. A true and exact copy of the Notice filed with the Superior Court of New Jersey is

annexed hereto as Exhibit 3.

**WHEREFORE,** Defendants Park Cake, Inc. d/b/a L'Express and Thierry Haxaire pray

that given that the statutory requirements having been met, that the above-captioned action now

pending in Superior Court of New Jersey, Law Division, Hudson County, be removed therefrom

to this Court.

> **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**
> Attorneys for Defendants Park Cake, Inc. d/b/a L'Express and
> Thierry Haxaire
>
>
> By: __/s/ Thomas Quinn_____
>         Thomas F. Quinn, Esq. (TQ 3063)

Dated: 10/30/2007

# EXHIBIT 1

Oct 02 07 12:16a                                                                                          p.2

Case 2:08-cv-05226-FSH-PS   Document-3-2   Filed 02/04/2008   Page 8 of 131

Chatarpaul law Offices, P.C.
50 Harrison Street, Suite 211B
Hoboken, New Jersey 07030
(201) 222-0123
*Attorneys for Plaintiffs*

**FILED**
TEAM #2

AUG 1 4 2007

SUPERIOR COURT OF NEW JERSEY
COUNTY OF HUDSON
CIVIL DIVISION #4

ABDELAZIZ ELMHADA, ASHRAF F.
NASSIEF & VICTOR TAWFIK,

           Plaintiffs,

    v.

PARK CAKE, INC., D/B/A L'EXPRESS
THIERRY HAXAIRE, Individually and as an
Owner and General Manager of L'Express,
"CARINE," Individually and as a General
Manager of L'Express, and JOHN AND
JANE DOES No. 1-50,

           Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: HUDSON COUNTY

DOCKET NO.  *L 4063-07*

CIVIL ACTION

COMPLAINT

    Plaintiffs, by their attorneys, Chatarpaul Law Offices, P.C., complaining of the Defendants, respectfully allege as follows:

    1.    Plaintiff, Abdelaziz Elmhada, was and at all times hereinafter mentioned a resident of the State of New Jersey, City of Clifton, County of Passaic, residing at 10 Hawthorne Avenue, Clifton, New Jersey.

    2.    Plaintiff, Ashraf F. Nassif, was and at all times hereinafter mentioned a resident of the State of New Jersey, City of Jersey City, County of Hudson, residing at 2695 Kennedy Boulevard, Jersey City, New Jersey.

    3.    Plaintiff, Victor Tawfik, was and at all times hereinafter mentioned a resident of the State of New Jersey, City of Bayonne, County of Hudson, residing at 41 Kelly Parkway, Bayonne, New Jersey 07002.

1

Oct 02 07 12:16a                                                                p.3

4..     Defendant, Park Café, Inc., d/b/a L'Express was and all times hereinafter mentioned a restaurant located at 249 Park Avenue South, New York, New York.

5.     Defendant Thierry Haxaire, was and all times hereinafter mentioned an owner and managing partner of Park Café, Inc., d/b/a L'Express and whose duties and functions include hiring, promotion and termination of employees.

6.     Defendant "Carine" was and all times hereinafter mentioned a general manager of L'Express, whose duties and functions include hiring, promotion and termination of employees.

## BACKGROUND

**Abdelaziz Elmhada**

7.     Plaintiff, Abdelaziz Almhada, (hereinafter "Almhada") began working for defendant Park Café, Inc., d/b/a L'Express (hereinafter "L'Express") in January 15, 1998 as a cook.

8.     Throughout the course of his employment, Almhada was promoted to various other positions within L'Express, the last such promotion to senior manager, with an annual salary of $52,200.00 on December 15, 2000.

9.     Despite the aforementioned promotions, Elmhada was subjected to various acts of discrimination during his employment with L'Express.

10.     At the time of his termination, Elmhada was 47 years old, single father of a young child and of Moroccan background.

Case 2:07-cv-05236-FSH Document 3-2 Filed 02/04/2008 Page 44 of 131      p.4

11.     On or about April 26, 2006, defendant Haxsaire (hereinafter "Haxaire") began making highly offensive comments regarding Elmhada's ethnic background, and these comments continued until Elmhada was terminated.

12.     Such comments would include "you Moroccan people are always making trouble" and showing Elmhada emails and websites displaying offensive jokes about Arabs and Moroccan people.

13.     On or about December, 2006/January 2007, Elmhada complained to Haxsaire that another employee (plaintiff Victor Tawfik) was subjected to continuous sexual harassment by Defendant "Carine," the general manager of L'Express, who was hired by Haxaire in September 2006.

14.     Haxaire took no action with respect to this complaint.

15.     On or about December,2006/January 2007, Elmhada also complained to another owner of L'Express, Simon Orea, about the sexual harassment of "Carine."

16.     Haxaire was then directed or ordered to terminate "Carine's" employment as a result of the complaints of sexual harassment.

17.     On or about January 5, 2006, Haxaire fired "Carine" pursuant to the direction of Simon Orea.

18.     Three (3) days later, on January 8, 2007, Haxaire called Elmhada into his office and told him that he was fired as well.

19.     Haxaire told Elmhada that since he was forced to fire "Carine," he was going to fire him because of the complaints he made to the upper level management, i.e., to Simon Orea.

20.     Haxaire also told Elmhada that he needed "young people" and "fresh blood" to work for the restaurant.

3

21.    On January 8, 2007, Elmhada was fired, along with Plaintiff Ashraf Nassief (discussed below).

**Ashraf F. Nassief**

22.    Plaintiff Ashraf Nassif (hereinafter "Nassief") commenced employment with L'Express on or about June 2000.

23.    On or about October 2006, defendant "Carine" and a female friend touched Nassief inappropriately during his work shift.

24.    Nassief objected to this inappropriate touching and indicated that it was offensive to him.

25.    This type of offensive touching was sexual in nature and was offensive to Nassief.

26.    Defendant Carine was unmoved by Nassief's complaint and her conduct towards Nassief continued.

27.    In the early part of November 2006, Nassief again protested to defendant's Carine's unlawful and unwanted sexual harassment. However, Defendant stated to Nassief that "I am a woman and you are a man; just be nice to me and I will give you a raise and better hours."

28.    Nassief refused to subject himself to defendant "Carine's" unwanted sexual advance as he was married with children.

29.    Frustrated, Defendant Carine told Nassief "you are too old for the job."

30.    Nassief was 41 years old at the time of his termination.

31.    On or about December 2006, Nassief complained in a daily shift report to the Senior Manager ("Barbara") that he was having difficulties working with Defendant Carine.

4

01/03/2006  16:28    2016031151                    CHATARPAUL LAW OFFIC                PAGE 12/25

32.    Additionally, Nassief informed "Barbara" of the acts of discrimination and sexual harassment by "Carine.'

33.    On January 5, 2007, Defendant Carine was terminated by L'Express.

34.    On January 8, 2007,  while on vacation plaintiff Nassief was also terminated by telephone after being employed for almost 7 years by L'Express.

**Victor Tawfik**

35.    Plaintiff Victor Tawfik (hereinafter "Tawfik") was employed by L'Express as a part time host on or about September 2006.

36.    At the time of his hiring,  Tawfik was approximately 22 years old.

37.    As soon as he was hired by L'Express and assigned to his duty as a host, Tawfik immediately became a victim to Defendant's "Carine's" sexual harassment.

38.    On or about October 6, 2006, at the end of Tawfik's shift (6:30 am), defendant Carine requested that Tawfik drove her home to her Manhattan apartment.

39.    While in front of her apartment building at approximately 6:45 a.m. defendant Carine sat in Tawfik vehicle and attempted to kiss Tawfik, touching his hand and body and requested that Tawfik go with her into her apartment for the purpose of having sex.

40.    Defendant "Carine" told Tawfik that she would make him a night manager if he would be her boyfriend.

41.    Defendant "Carine" also assured Tawfik that she could not get pregnant because she had a vasectomy.

42.    Tawfik refused to go with Defendant "Carine" into her apartment.

43.    Defendant "Carine" remained in Tawfik's vehicle for several hours attempting to encourage him to accompany her to her apartment for sex.

5

44.    Following this incident, Defendant "Carine" would repeatedly contacted Tawfik on his cell phone in Bayonne, New Jersey for the purpose of sexual favors.

45.    Each time Defendant "Carine" would request that she come to Tawfik's home in Bayonne for the purpose of having sex.

46.    Each time, Tawfik would inform her that his religion did not permit such kind of sexual acts while unmarried.

47.    Subsequently, Defendant "Carine" would continue encouraging Tawfik to date her, and such acts and conducts include touching of his buttocks, pulling on his shirt, etc.

48.    These acts and conducts occurred at his place of employment.

49.    On or about October 13, 2007, Defendant "Carine" again requested that Tawfik drive her home after the end of Tawfik's shift.

50.    Tawfik again complied as he believed that if he did not comply with the wishes of "Carine," he would lose his job.

51.    While in front of Defendant "Carine" apartment building, "Carine" again attempted to get Tawfik to go with her into her apartment, telling her that she lives alone and no one else was in the apartment.

52.    Defendant "Carine" did not want to leave Tawfik's vehicle and at one point started to cry.

53.    Subsequently, "Carine" would repeatedly requests sexual favors, and would repeatedly contact Tawfik on his cell phone in New Jersey.

50.    Tawfik complained to Defendant Haxaire, who apologized to Tawfik.

54.    However, Defendant Haxaire failed to take any action.

6

55.    Tawfik told several other employees of L'Express, including Plaintiffs Almhada and Nassief.

56.    On or about December 2006, Tawfik called Haxaire and told him that he was not returning to work.

57.    Tawfik was forced to resign his position with L'Express as a result of the constant sexual harassment of defendant "Carine."

## COUNT I

1.    Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.    That the aforementioned acts and conducts of the defendants, its agents and employees constitute sexual harassment in violation of the New Jersey Law Against Discrimination.

3.    As a result of foresaid wrongful acts of the Defendants, its agents and employees, plaintiff have suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation.

7

## COUNT II

1.    Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.    That the aforementioned acts and conducts of the defendants, its agents and employees constitute sexual harassment in violation Title VII of the Civil Rights Act of 1964, as amended.

3.    Plaintiffs' complaint (Elmhada and Nassif) were brought within 90 days of the receipt of the Notice of Right to Sue letter.

4.    As a result of foresaid wrongful acts of the Defendants, its agents and employees, plaintiff have  suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation.

## COUNT III

1.    Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.    That the aforementioned acts and conducts of the defendants, its agents and employees constitute retaliation in violation of the New Jersey Law Against Discrimination.

3.    As a result of foresaid wrongful acts of the Defendants, its agents and employees, plaintiff have  suffered economic injury, including loss of income and career opportunities,

8

humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation.

## COUNT IV

1.    Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.    That the aforementioned acts and conducts of the defendants, its agents and employees constitute retaliation in violation Title VII of the Civil Rights Act of 1964, as amended.

3.    Plaintiffs' complaint (Elmhada and Nassif) were brought within 90 days of the receipt of the Notice of Right to Sue letter.

4.    As a result of foresaid wrongful acts of the Defendants, its agents and employees, plaintiffs (Elmhada and Nassif) have suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation.

9

## COUNT V

1.    Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.    Defendants, its agents and employees, had a duty of care to the Plaintiffs to protect each from sexual harassment and retaliation based on sex.

3    That the Defendants, its agents and employees, breached that duty in violation of the Law Against Discrimination.

4.    As a result of foresaid wrongful acts of the Defendants, its agents and employees, plaintiffs (Elmhada and Nassif) have  suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation.

## COUNT VI

1.    Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.    Defendants, its agents and employees, had a duty of care to the Plaintiffs to protect each from sexual harassment and retaliation based on sex.

3    That the Defendants, its agents and employees, breached that duty in violation of the Civil Rights Act of 1964, as amended.

4.    Plaintiffs' complaint (Elmhada and Nassif) were brought within 90 days of the receipt of the Notice of Right to Sue letter

10

5.      As a result of foresaid wrongful acts of the Defendants, its  agents and employees, plaintiffs have  suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation.

## COUNT VII

1.      Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.      Defendants, its agents and employees, were required to have institute and/or maintain policies and procedures designed to prohibit sexual harassment and sex discrimination at plaintiff's place of employment.

3.      Defendants, its agents and employees, failed to institute and/or maintain policies and procedures designed to prohibit sexual harassment and sex discrimination at plaintiffs' place of employment.

4.      That such failure constitutes a violation of the Law Against Discrimination.

5.      As a result of foresaid failure of the Defendants, its  agents and employees, plaintiffs have  suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation.

## COUNT VIII

1. Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2. Defendants, its agents and employees, were required to have institute and/or maintain policies and procedures designed to prohibit sexual harassment and sex discrimination at plaintiff's place of employment.

3. Defendants, its agents and employees, failed to institute and/or maintain policies and procedures designed to prohibit sexual harassment and sex discrimination at plaintiff's place of employment.

4. That such failure constitutes a violation of the Civil Rights Act of 1964, as amended.

5. Plaintiffs' complaint (Elmbada and Nassif) were brought within 90 days of the receipt of the Notice of Right to Sue letter

6. As a result of foresaid failure of the Defendants, its  agents and employees, plaintiffs have  suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days,

12

lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation.

### COUNT IX

1.     Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.     The aforementioned conducts of the Defendants, its agents and employees, constitute age discrimination with respect to Plaintiffs Elmhada and Nassief, and in violation of the New Jersey Law Against Discrimination, as the positions of Elmhada and Nassief were replaced with substantially younger employees.

3.     As a result of foresaid acts and conducts of the Defendants, its  agents and employees, plaintiffs Elmhada and Nassief have suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation

### COUNT X

1.     Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.     The aforementioned conducts of the Defendants, its agents and employees, constitute age discrimination with respect Plaintiffs Elmhada and Nassief, and in violation of the Age Discrimination in Employment Act, as the positions of Elmhada and Nassief were replaced with substantially younger employees.

13

01/03/2006 16:28 2016031151 CHATARPAUL LAW OFFIC PAGE 21/26

3.     Plaintiffs' complaint (Elmhada and Nassif) were brought within 90 days of the receipt of the Notice of Right to Sue letter.

4.     As a result of foresaid failure of the Defendants, its  agents and employees, plaintiffs have  suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation.

## COUNT XI

1.     Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.     The aforementioned conducts of the Defendants, its agents and employees, constitute ethnic and national origin discrimination with respect Plaintiffs Elmhada and Nassief, and in violation of the New Jersey Law Against Discrimination.

3.     As a result of foresaid acts and conducts of the Defendants, its  agents and employees, plaintiffs Elmhada and Nassief have suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days,

14

lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation

## COUNT XII

1.    Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.    The aforementioned conducts of the Defendants, its agents and employees, constitute ethnic and national origin discrimination with respect Plaintiffs Elmhada and Nassief, and in violation of the Civil Rights Act of 1964, as amended.

3.    Plaintiffs' complaint (Elmhada and Nassif) were brought within 90 days of the receipt of the Notice of Right to Sue letter.

4.    As a result of foresaid failure of the Defendants, its  agents and employees, plaintiffs have  suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation.

## COUNT XIII

1.    Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.    That the aforementioned acts and conducts of the defendants, its agents and employees against Plaintiffs Nassief and Tawfik were unwelcome, intentional and offensive, and thus constitute  battery perpetrated by the defendants without the consent of the plaintiffs.

15

3.    As a result of foresaid acts of the Defendants, its agents and employees, plaintiffs have suffered humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees and costs of this litigation.

## COUNT XIV

1.    Plaintiff repeats and reincorporates each allegation heretofore alleged.

2.    Defendants, its employees and agents, failed to properly hire, train, and educate its employees with respect to avoiding and/or preventing discriminatory treatment of its employees by other employees, supervisors and/or managers, and such failure to properly hire, train, and educate, directly contributed to the conducts mentioned above.

3.    As a result of Defendants' failure to properly hire, train, and educate its employees with respect to preventing discriminatory treatment of its employees by other employees, supervisors and/or managers, Plaintiffs suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiffs demands judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, punitive damages, pre-and post judgment interest, reasonable attorneys' fees multiplied under the law Against Discrimination,

Oct 02 07 12:26a Case 2:07-cv-05256-FSH-PS Document 3-2 Filed 02/04/2008 Page 24 of 31 p.18

costs of suits, as well as the imposition of policies and procedures designed to comply with state labor laws.

## COUNT XV

1.     Plaintiffs repeat and reincorporate each allegation heretofore alleged.

2.     That Defendants, its agents and employees terminated each of the Plaintiff's employment in violation of its written and unwritten contracts as contained in their handbook, employment application, disciplinary manual, and other written documents and/or internal informal procedures and practices.

3.     As a result, Plaintiffs suffered economic injury, including loss of income and career opportunities, humiliation, anguish, embarrassment, emotional distress and mental anxiety, loss of reputation and other damages.

WHEREFORE, Plaintiff demand judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days, lost pension benefits, emotional distress, consequential damages, pre-and post judgment interest, reasonable attorneys' fees, costs and any other remedy deemed just and proper.

## COUNT XVI

1.     Plaintiffs  repeat and reincorporate  each allegation heretofore alleged.

2.     That the conducts, actions, omissions, statements of the Defendants, its agents and employees, as mentioned above, were intentional, extreme, reckless and outrageous and which caused severe emotional distress to the Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages, including damages for front pay, back pay, bonuses and personal and vacation days,

17

01/03/2006  16:28    2016031151              CHATARPAUL LAW OFFIC                  PAGE  25/26

lost pension benefits, emotional distress, consequential damages, pre-and post judgment interest, reasonable attorneys' fees, costs and any other remedy deemed just and proper.

August 10, 2007

> Chatarpaul Law Offices, P.C.
> 50 Harrison Street, Suite 211B
> Hoboken, New Jersey 07030
> (201) 222-0123
> *Attorneys for Plaintiffs*
>
> By
> Jay Chatarpaul, Esq

### DEMAND FOR JURY TRIAL
Plaintiff hereby demands a trial by jury as to all issues

### DEMAND FOR INSURANCE AGREEMENT

Pursuant to R. 4: 10-2(b), demand is hereby made that you disclose to the undersigned whether there are an insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment. If so, please attach a copy each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

Jay Chatarpaul, Esq.

18

01/03/2006  16:28  2016031151  CHATARPAUL LAW OFFIC  PAGE  26/26

## DESIGNATION OF TRIAL COUNSEL

Jay Chatarpaul, Esq. is designated as trial counsel in this matter.

### CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that the matters in controversy in this action are not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated.

JAY CHATARPAUL

19

01/03/2006  16:28    2016031151          CHATARPAUL LAW OFFIC              PAGE  05/26

HUDSON COUNTY SUPERIOR COURT
HUDSON COUNTY
583 NEWARK AVENUE
JERSEY CITY         NJ 07306
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 217-5162
COURT HOURS

                            DATE:   AUGUST 14, 2007
                            RE:     ELMHADA ETALS VS PARK CAKE INC ETAL.
                            DOCKET: HUD L -004063 07

      THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

      DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

      THE PRETRIAL JUDGE ASSIGNED IS:  HON BARBARA A. CURRAN

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM       003
AT:  (201) 795-6909.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                            ATTENTION:

                            JAY J. CHATARPAUL
                            50 HARRISON STREET
                            SUITE 311B
                            HOBOKEN          NJ 07030

JJLIGALO

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division – Civil Part pleadings (not motions) under Rule 4:5-1.
**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE:  CK   CG   CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
| --- | --- | --- |
| JAY CHATARPAUL, ESQ | ( 201 ) 222-0123 | HUDSON |

**FIRM NAME** (if applicable)
CHATARPAUL LAW OFFICES, P.C.

DOCKET NUMBER (When available)
L 4063-07

**OFFICE ADDRESS**
50 HARRISON STREET, SUITE 211B
HOBOKEN, NEW JERSEY 07030

DOCUMENT TYPE
COMPLAINT

JURY DEMAND   [✓] YES   [ ] NO

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
| --- | --- |
| ABDELAZIZ ELMHADA, ASHRAF F. NASSIEF & VICTOR TAWFIK, Plaintiffs | ABDELAZIZ ELMHADA, ASHRAF F. NASSIEF & VICTOR TAWFIK v. PARK CAKE, INC., D/B/A L'EXPRESS THIERRY HAXAIRE, Individually and as an Owner and General Manager of L'Express, "CARINE," Individually and as a General Manager of L'Express, and JOHN AND JANE DOES No. 1-50 |

**CASE TYPE NUMBER**
(See reverse side for listing)    618

IS THIS A PROFESSIONAL MALPRACTICE CASE?  [ ] YES [✓] NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

**RELATED CASES PENDING?**  [ ] YES [✓] NO

IF YES, LIST DOCKET NUMBERS

**DO YOU ANTICIPATE ADDING ANY PARTIES** (arising out of same transaction or occurrence)?  [✓] YES [ ] NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN
[ ] NONE   [✓] UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  [✓] YES [ ] NO

IF YES, IS THAT RELATIONSHIP:  [✓] EMPLOYER-EMPLOYEE  [ ] FRIEND/NEIGHBOR  [ ] OTHER (explain) _____
[ ] FAMILIAL   [ ] BUSINESS

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  [ ] YES [✓] NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  [ ] YES [✓] NO   IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: _____

WILL AN INTERPRETER BE NEEDED?  [ ] YES [✓] NO   IF YES, FOR WHAT LANGUAGE: _____

ATTORNEY SIGNATURE

Revised effective 4/1/06

| SIDE 2 | | CIVIL CASE INFORMATION STATEMENT |
|---|---|---|
| | | (CIS) |
| | | Use for initial pleadings (not motions) under *Rule* 4:5-1 |

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
| 151 | NAME CHANGE |
|---|---|
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |

**Track II — 300 days' discovery**
| 305 | CONSTRUCTION |
|---|---|
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 602 | ASSAULT AND BATTERY |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

**Track III — 450 days' discovery**
| 005 | CIVIL RIGHTS |
|---|---|
| 301 | CONDEMNATION |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
|---|---|
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Mass Tort (Track IV)**
| 240 | REDUX/PHEN-FEN (formerly "DIET DRUG") | 601 | ASBESTOS |
|---|---|---|---|
| 248 | CIBA GEIGY | 619 | VIOXX |
| 264 | PPA | | |

999 OTHER (Briefly describe nature of action) _____

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."**

Please check off each applicable category:

☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59

Revised effective 9/005

CHATARPAUL LAW OFFIC  PAGE  03/26

**Name of Defendants to be served:**  (1) PARK CAFÉ, INC., DBA L'EXPRESS
(2) THIERRY HAXAIRE

**Address for Service:**  249 Park Avenue South, New York, New York 10003

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street., P.O. Box 750
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 263-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad St., P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House, 71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
EGAL SERVICES
(908) 354-4340

**WARREN COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 387-1835
LEGAL SERVICES
(908) 475-2010

# EXHIBIT 2

**FAX#: (212) 458-5679**                    **SUMMONS ATTACHED! ! !**

October 4, 2007

Omar Yusaf
Illinois National Ins. Co.
c/o AIG
175 Water Street
New York, NY 10038

RE:   Insured:      Chef Driven
      Type:         Employment Practices Liability
      D/L:          01/08/2007
      Loc.:         249 Park Ave So. NY, NY
      Claimant:     Abdelaziz Elmhada, Ashraf Nassief & Victor Tawfik
      Our Claim#:   195537

Dear Mr. Yusaf:

The attached Summons and Complaint was served on the insured via hand delivery on 10/1/07 in connection with the above matter previously reported.

Please assign counsel immediately to file an answer on behalf of the following insured(s) on the policy; Park Cake Inc. dba L'Express and Thierry Haxaire (general manager of L'Express) as well as any and all named insureds and or additional insureds listed on the policy or those entitled to coverage as required by written or oral contract.

As a precaution, we are sending notice to the General Liability and Umbrella carriers via copy of this transmittal and also asking our client to fully cooperate with your investigation of the claim.

In the event you wish to discuss, please call me at my direct dial number below.

                                  Very truly yours,
                                  HUB International Northeast


                                  Rowena McCray
                                  Claims Examiner
CC:   Blanca Perez               Direct Dial # 212-338-2827
      Chef Driven                Fax #212-354-0877
      78 West 11th Street        Rowena.McCray@hubinternational.com
      New York, NY 10011

cc:   General Liability & Umbrella Carrier
      Per attached

**Page two**

Cc:    Fax#: (732) 743-3856
       Frank Howell
       Hanover Insurance Company
       860 Centennial Avenue
       Parsippany, NJ 08855
       Re: Your Claim#: 03-660631

Cc:    Umbrella Liability Claims Dept.
       Innovative Coverage
       8 Wood Hollow Road
       Parsippany, NJ 07054
       Re: AIG
       Policy# EBU0959138
       Term: 11/5/06-07
       Limit: 25 mil., SIR 10,000

# EXHIBIT 3

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

33 Washington Street, Newark, New Jersey 07102-3017   Tel: (973) 624-0800   Fax: (973) 624-0808

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean*
*Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains*
*Limited Liability Partnership of NY*
*Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

| | | |
|---|---|---|
| JAMES CRAWFORD ORR | KURT W. KRAUSS | ELIZABETH R. CHARTERS |
| WILLIAM J. RENA | KELLY A. WATERS | SUNA LEE |
| THOMAS F. QUINN | COLIN P. HACKETT | JOAN H. LANGER |
| BRIAN W. McLINDEN | BRIAN J. WHITEMAN | ROBERT T. GUNNING |
| BARBARA HOPKINSON KELLY | SUSAN KARLOVICH | JOANNA FIOREK |
| CAROLYN F. O'CONNOR | MATTHEW S. MAHONEY | BETH PTASIEWICZ |
| JANE ANDREWS | KEVIN C. DONOVAN | KURT H. DZUGAY |
| TINA A. JORDAN | JAMES S. REHBERGER | GINA CALABRIA |
| STEPHEN R. KNOX | JOSEPH T. HANLON | MICHAEL T. HENSLEY |
| ROBERT M. TOSTI | ROBERT LESKO | KEITH A. LOUGHLIN |
| WILLIAM P. KRAUSS | | JOHN W. WILLIAMS |
| MICHAEL J. NAUGHTON | OF COUNSEL | PETER A. McKENZIE |
| MARTIN J. SULLIVAN | ROBERT C. NEFF, JR. | CHRISTOPHER W. McCLANAHAN |
| JOSEPH A. GALLO | JOHN P. O'TOOLE | SHAUN S. McGREGOR |
| ROBERT A. BERNS | GREGG S. KAHN | TIMOTHY COUGHLAN |
| | | |
| KEITH G. VON GLAHN (1952-2007) | | |

| | | |
|---|---|---|
| KIM M.CONNOR | | |
| ADAM S PICINICH | | |
| ROBERT W. DARISH | | |
| JOHN J. SHOTTER | | |
| PETER A. SWIFT | | |
| JOSEPH P. RINDONE | | |
| ADAM J. KFNIS | | |
| RUSSELL J. HEMS | | |
| ERIC T. EVANS | | |
| GREGORY T. FOOTE | | |
| JULIE VON BEVERN | | |
| MICHAEL L. TRUCILLO | | |
| MATHEW BRODERICK | | |
| LAUREN IPPOLITO | | |

www.wilsonelser.com

October 30, 2007

Clerk, Hudson County Superior Court
Brennan Courthouse
583 Newark Avenue
Jersey City, NJ 07306

> **Re:   Abdelaziz Elmhada, et als. v. Park Cake, Inc., et als.**
> **Docket No.:  HUD-L-4063-07**
> **Our File No.  09348.00051**

Dear Sir/Madam:

This firm represents Defendants Park Cake, Inc. d/b/a L'Express and Thierry Hazaire in connection with the above referenced matter.

Enclosed herewith for filing, on behalf of Defendants, are the original and two copies of a Notice of Filing of Removal, proposed form of Order, New Jersey Case Information Statement, together with a copy of the Petition for Removal (and exhibits) filed in the United States District Court, Newark, New Jersey on this date.

Kindly file the originals and stamp the copies with the filing date and return it to me in the within self-addressed stamped envelope. To the extent any filing fees apply, please charge our account number 110101.

Thank you for your anticipated cooperation in this regard.

Very truly yours,
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Kim M. Connor

KMC/mn
Enclosures
cc:   Jay Chatarpaul, Esq.

661468.1

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
**Thomas F. Quinn**
**33 Washington Street**
**Newark, New Jersey 07102-5003**
**Tel: (973) 624-0800**
**Fax: (973) 624-0799**
**Attorneys for Defendants Park Cake, Inc. d/b/a L'Express and Thierry Haxaire**

| | |
|---|---|
| ABDELAZIZ ELMHADA, ASHRAF F. NASSIEF & VICTOR TAWFIK, | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION: HUDSON COUNTY<br>: DOCKET NO.: L-4063-07 |
| Plaintiffs, | : <br>:      <u>Civil Action</u> |
| v. | : <br>: |
| PARK CAKE, INC., D/B/A L'EXPRESS THIERRY HAXAIRE, Individually and as an Owner and General Manager of L'Express, "CARINE," Individually and as a General Manager of L'Express, and JOHN AND JANE DOES No. 1-50, | : <br>: <br>: <br>: <br>: <br>: |
| Defendants. | : <br>: |

TO:     Jay Chatarpaul, Esq.
          Chatarpaul Law Offices, P.C.
          50 Harrison Street, Suite 211B
          Hoboken, NJ 07030

## NOTICE OF FILING OF REMOVAL TO UNITED STATES DISTRICT COURT

   **PLEASE TAKE NOTICE**, that pursuant to 28 U.S.C. §1446(a), Defendants Park Cake,

Inc. d/b/a L'Express and Thierry Haxaire ("Defendants"), by and through its undersigned

attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, on this date have filed a Notice of

Removal of a Civil Action from the Superior Court of New Jersey, Law Division, Hudson

County, to the United States District Court for the District of New Jersey, together with all

661145.1

process, pleadings, and Orders, as required by 28 U.S.C. §1446(a), copies of which are attached hereto, and made part hereof.

    **PLEASE TAKE FURTHER NOTICE**, that Defendants hereby file this Notice and Petition with the Hudson County Clerk of the Superior Court of New Jersey, Law Division, in accordance with 28 U.S.C. §1446.

        **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**
        Attorneys for Defendants Park Cake, Inc. d/b/a L'Express and
        Thierry Haxaire



    By: _____

        Thomas F. Quinn, Esq.

Date: October 30, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on behalf of the Defendants, Park Cake, Inc. d/b/a L'Express and Thierry Haxaire, I caused an original and two copies of the Notice of Filing of Removal and Case Information Statement, along with attached Removal Petition, to be delivered via NJ Lawyers Service on this date to the Clerk, Hudson County Superior Court, Brennan Courthouse, 583 Newark Avenue, Jersey City, New Jersey 07306.

I further certify that a copy was sent via NJ Lawyers Service to Jay Chatarpaul, Esq., Chatarpaul Law Offices, P.C., 50 Harrison Street, Suite 211B, Hoboken, NJ 07030, counsel for the Plaintiffs.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendants Park Cake, Inc. d/b/a L'Express and
Thierry Haxaire

By: _____

    Thomas F. Quinn, Esq.

Date: October 30, 2007

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Thomas F. Quinn
33 Washington Street
Newark, New Jersey 07102-5003
Tel: (973) 624-0800
Fax: (973) 624-0799
Attorneys for Defendants Park Cake, Inc. d/b/a L'Express and Thierry Haxaire

| | |
|---|---|
| ABDELAZIZ ELMHADA, ASHRAF F. NASSIEF & VICTOR TAWFIK,<br><br>     Plaintiffs,<br><br>  v.<br><br>PARK CAKE, INC., D/B/A L'EXPRESS, THIERRY HAXAIRE, Individually and as an Owner and General Manager of L'Express, "CARINE," Individually and as a General Manager of L'Express, and JOHN AND JANE DOES No. 1-50,<br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUDSON COUNTY DOCKET NO.: HUD-L-4063-07<br><br>Civil Action<br><br>**ORDER OF DISMISSAL AND REMOVAL TO U.S. DISTRICT COURT** |

  **THIS MATTER** having been opened to the Court upon notice of the filing of a Petition for Removal to the United States District Court; and the Court having considered the matter and for good cause appearing;

  **IT IS** on this _____ day of _____, 2007,

  **ORDERED** that the above matter be and the same is hereby dismissed and removed to the Federal Court; and it is further

  **ORDERED** that a copy of this Order shall be served upon all counsel of record and parties appearing *pro se* within seven (7) days of the date hereof.

            _____
                          J.S.C.

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division – Civil Part pleadings (not motions) under Rule 4:5-1.

**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

| For Use By Clerk's Office Only |
|---|
| PAYMENT TYPE: CK    CG    CA |
| CKG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| 1. ATTORNEY/PRO SE NAME | 2. TELEPHONE NUMBER | 3. COUNTY OF VENUE |
|---|---|---|
| Thomas F. Quinn | (973) 624-0800 | Hudson |

**4. FIRM NAME (if applicable)**
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

**5. DOCKET NUMBER (When Available)**
L-4063-07

**6. OFFICE ADDRESS:**
33 Washington Street
Newark, New Jersey 07102

**7. DOCUMENT TYPE**
Notice of Filing of Removal

**8. JURY DEMAND** ☒ YES ☐ NO

**9. NAME OF PARTY (e.g. John Doe, Plaintiff)**
Park Cake, Inc., D/B/A L'Express Thierry Hazaire Defendants

**10.0 CAPTION:**
Elmhada, et als, v. Park Cake, Inc., D/B/A L'Express **et als.**

**11. CASE TYPE NUMBER** (See reverse side for listing)
618

**12. IS THIS A PROFESSIONAL MALPRACTICE CASE?** ☐ YES ☒ NO

IF YOU HAVE CHECKED "YES" SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

**13. RELATED CASES PENDING?** ☐ YES ☒ NO

**14. IF YES, LIST DOCKET NUMBERS**

**15. DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence?)** ☐ YES ☒ NO

**16. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN:**
Illinois National Insurance Co.

---

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**17. A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?** ☒ YES ☐ NO

IF YES, IS THAT RELATIONSHIP ☒ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER(explain) ☐ FAMILIAL ☐ BUSINESS _____

**18. B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?** ☒ YES ☐ NO

**19. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:**
Removal Petition to Federal Court being filed.

**20. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?** ☐ YES ☒ NO

IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION_____

**21. WILL AN INTERPRETER BE NEEDED?** ☐ YES ☒ NO IF YES, FOR WHAT LANGUAGE: _____

**22. ATTORNEY SIGNATURE**

661245.1
Revised Effective 9/28/06, CN 10517-English

| SIDE 2 | **CIVIL CASE INFORMATION STATEMENT**<br>**(CIS)**<br>Use for initial pleadings (not motions) under Rule 4:5-1 |
|---|---|

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

**Track II - 300 days' discovery**
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE - PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE - PROPERTY DAMAGE |
| 699 | TORT – OTHER |

**Track III - 450 days' discovery**
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER/CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV - Active Case Management by Individual Judge /450 days' discovery**
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRIT |

**Mass Tort (Track IV)**
| | | | |
|---|---|---|---|
| 240 | REDUXPHEN-FEN (formerly "DIET DRUG") | 271 | ACCUTANE |
| 241 | TOBACCO | 272 | BEXTRA/CELEBREX |
| 248 | CIBA GEIGY | 274 | RISPERDAL/SEROQUEL/ZYPREXA |
| 264 | PPA | 601 | ASBESTOS |
| 266 | HORMONE REPLACEMENT THERAPRY (HRT) | 619 | VIOXX |
| 268 | MANUFACTURED GAS PLANT (MGP) | | |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."**

Please check off each applicable category:

☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
**Thomas F. Quinn**
**33 Washington Street**
**Newark, New Jersey 07102-5003**
**Tel: (973) 624-0800**
**Fax: (973) 624-0799**
**Attorneys for Defendants Park Cake, Inc. d/b/a L'Express and Thierry Haxaire**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDELAZIZ ELMHADA, ASHRAF F. NASSIEF & VICTOR TAWFIK,<br><br>Plaintiffs,<br><br>v.<br><br>PARK CAKE, INC., D/B/A L'EXPRESS, THIERRY HAXAIRE, Individually and as an Owner and General Manager of L'Express, "CARINE," Individually and as a General Manager of L'Express, and JOHN AND JANE DOES No. 1-50,<br><br>Defendants. | Civil Action No.:<br><br><br>**RULE 7.1 DISCLOSURE STATMENT** |

Pursuant to Fed. R. Civ. P. 7.1 and to enable judges and magistrate judges of the court to evaluate possible disqualification or recusal, Defendant, Park Cake, Inc. d/b/a L'Express is a wholly owned subsidiary of Park Cake, Inc., a privately owned company, not listed on the New York Stock Exchange.

        **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**
        Attorneys for Defendants Park Cake, Inc. d/b/a L'Express and
        Thierry Haxaire

By:    /s/ Thomas Quinn
       Thomas F. Quinn, Esq. (TFQ-3063)
       33 Washington St.
       Newark, New Jersey 07102
       (973) 624-0800

Dated: October 30, 2007

661253.1

# CIVIL COVER SHEET

of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**ABDELAZIZ ELMHADA, ASHRAF F. NASSIEF & VICTOR TAWFIK,**

## DEFENDANTS

**PARK CAKE, INC., D/B/A L'EXPRESS, THIERRY HAXAIRE, Individually and as an Owner and General Manager of L'Express, "CARINE," Individually and as a General Manager of L'Express, and JOHN AND AND JANE DOES No. 1-50**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _Passaic_
(EXCEPT IN U S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _N/A_
(IN U S PLAINTIFF CASES ONLY)
NOTE : IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Donald M. Lomurro, Esq.
Lomurro, Davison, Eastman & Munoz, P.A.
100 Willowbrook Road., Bldg. 1
Freehold, NJ 07728
732-462-7170

ATTORNEYS (IF KNOWN)

Thomas F. Quinn, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
33 Washington Street
Newark, New Jersey 07102-3107
973-624-0800
Attorney for Defendants Park Cake, Inc. d/b/a L'Express and Thierry Haxaire

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item II)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | x 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

18 U.S.C.A. 1332; Federal Diversity Jurisdiction

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | ☐ 362 Personal Injury – Med Malpractice | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | ☐ 365 Personal Injury – Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 370 Other Fraud | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 371 Truth in Lending | | | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 380 Other Personal Property Damage | | | |
| ☐ 240 Torts to Land | ☐ 385 Property Damage Product Liability | | | |
| ☐ 245 Tort Product Liability | | | | |
| ☐ 290 All Other Real Property | | | | |
| **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | | | |
| ☒ 442 Employment | ☐ 530 General | | | |
| ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A ☐ **CLASS ACTION** **DEMAND $**
UNDER F.R.C.P. 23

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VII. RELATED CASE(S) IF ANY: N/A (See instructions):

JUDGE _____ DOCKET NUMBER _____

Date October 30, 2007    SIGNATURE OF ATTORNEY ON RECORD

UNITED STATES DISTRICT COURT

661225.1

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Thomas F. Quinn
33 Washington Street
Newark, New Jersey 07102-5003
Tel: (973) 624-0800
Fax: (973) 624-0799
Attorneys for Defendants Park Cake, Inc. d/b/a L'Express, Thierry Haxaire

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDELAZIZ ELMHADA, ASHRAF F. NASSIEF : & VICTOR TAWFIK, | : Civil Action: |
| Plaintiffs, | : |
| v. | : **ANSWER, SEPARATE DEFENSES** **AND JURY DEMAND** |
| PARK CAKE, INC., D/B/A L'EXPRESS, THIERRY HAXAIRE, Individually and as an Owner and General Manager of L'Express, "CARINE," Individually and as a General Manager of L'Express, and JOHN AND JANE DOES No. 1-50, | : |
| Defendants. | : |

Defendants Park Cake, Inc. d/b/a L'Express ("business") and Thierry (collectively "Defendants"), by and through its undersigned attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, by way of Answer to the Complaint, say:

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6. Except to admit that Carine Chauvet was a General Manager of L'Express, Defendants deny the allegations contained in paragraph 6 of the Complaint.

## AS TO THE BACKGROUND

### As to Abdelaziz Elmhada

7. Except to admit that Plaintiff Abdelaziz Elmhada was an employee of Park Cake, Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint, and thus the allegations contained against Defendants are denied.

8. Except to admit that Plaintiff Abdelaziz Elmhada was an employee of Park Cake, Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint and thus the allegations against Defendants are denied.

9. Denied.

10. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint, except that allegations against Defendants are denied

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17.     Except to admit that Carine Chauvet is no longer employed by Park Cake d/b/a L'Express, Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.     Except to admit that Plaintiff Abdelaziz Elmhada was terminated from his employment with Park Cake d/b/a L'Express, Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     Denied.

20.     Denied.

21.     Except to admit that Plaintiff Abdelaziz Elmhada was terminated from his employment at Park Cake d/b/a/ L'Express, Defendants deny the allegations contained in Paragraph 21 of the Complaint.

**As to Ashraf F. Nassief**

22.     Except to admit that Ashraf Nassief was once employed by Park Cake d/b/a L'Express, Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint

23.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint, except allegations contained against Defendants are denied.

24.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint, except allegations contained against Defendants are denied.

25.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint, except allegations contained against Defendants are denied.

26.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint, except allegations contained against Defendants are denied.

27.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint, except allegations contained against Defendants are denied.

28.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint, except allegations contained against Defendants are denied.

29.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint, except allegations contained against Defendants are denied.

30.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint, except allegations contained against Defendants are denied.

31.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint, except allegations contained against Defendants are denied.

32.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint, except allegations contained against Defendants are denied.

33.     Except to admit that Defendant Carine Chauvet is no longer employed by Park Cake d/b/a L'Express, Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Denied.

**As to Victor Tawfik**

35.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Complaint, except allegations contained against Defendants are denied.

36.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Complaint, except allegations contained against Defendants are denied.

37.     Denied.

38.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Complaint, except allegations contained against Defendants are denied.

39.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Complaint, except allegations contained against Defendants are denied.

40.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Complaint, except allegations contained against Defendants are denied.

41.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint, except allegations contained against Defendants are denied.

42.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint, except allegations contained against Defendants are denied.

43.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Complaint, except allegations contained against Defendants are denied.

44.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Complaint, except allegations contained against Defendants are denied.

45.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint, except allegations contained against Defendants are denied.

46.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Complaint, except allegations contained against Defendants are denied.

47.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Complaint, except allegations contained against Defendants are denied.

48.     Denied.

49.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Complaint, except allegations contained against Defendants are denied.

50.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of the Complaint, except allegations contained against Defendants are denied.

51.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Complaint, except allegations contained against Defendants are denied.

52.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the Complaint, except allegations contained against Defendants are denied.

53.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Complaint, except allegations contained against Defendants are denied.

50.     Defendants deny the allegations contained in mis-numbered paragraph 50 to the Complaint.

54.     Denied.

55.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Complaint, except allegations contained against Defendants are denied.

56.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Complaint, except allegations contained against Defendants are denied.

57.     Denied.

## AS TO COUNT 1

1.     Defendants repeat and reincorporate herein their answers to the Background, paragraphs 1 though 55 inclusive, as if set forth at length herein.

2.     Defendants deny the allegations contained in Paragraph 2 of Count I.

3.     Defendants deny the allegations contained in Paragraph 3 of Count I.

## AS TO COUNT II

1.     Defendants repeat and reincorporate herein their answers to the Background allegations as contained in paragraphs 1 though 55 inclusive, and the allegations contained in Count I, as if set forth at length herein.

2.     Defendants deny the allegations contained in Paragraph 2 of Count II.

3.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of Count II, and leave Plaintiffs to their proofs.

4.     Defendants deny the allegations contained in Paragraph 4 of Count II.

## AS TO COUNT III

1.     Defendants repeat and reincorporate herein their answers to the Background allegations as contained in paragraphs 1 though 55 inclusive, and the allegations contained in Counts I and II, as if set forth at length herein.

2.     Defendants deny the allegations contained in Paragraph 2 of Count III.

3.     Defendants deny the allegations contained in Paragraph 3 of Count III.

## AS TO COUNT IV

1.     Defendants repeat and reincorporate herein their answers to the Background allegations as contained in paragraphs 1 though 55 inclusive, and the allegations contained in Counts I, II and III, as if set forth at length herein.

2.     Defendants deny the allegations contained in Paragraph 2 of Count IV.

3.     Defendants are without information sufficient as to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of Count IV, but leave Plaintiffs to their proofs.

4.     Defendants deny the allegations contained in Paragraph 4 of Count IV.

## AS TO COUNT V

1.     Defendants repeat and reincorporate herein their answers to the Background allegations as contained in paragraphs 1 though 55 inclusive, and the allegations contained in Counts I, II, III and IV, as if set forth at length herein.

2.     Defendants deny the allegations contained in Paragraph 2 of Count V.

3.     Defendants deny the allegations contained in Paragraph 3 of Count V.

4.     Defendants deny the allegations contained in Paragraph 4 of Count V.

## AS TO COUNT IV

1.      Defendants repeat and reincorporate herein their answers to the Background allegations as contained in paragraphs 1 though 55 inclusive, and the allegations contained in Counts I through V inclusive, as if set forth at length herein.

2.      Defendants deny the allegations contained in Paragraph 2 of Count VI.

3.      Defendants deny the allegations contained in Paragraph 3 of Count VI.

4.      Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of Count VI, but leave Plaintiffs to their proofs.

5.      Defendants deny the allegations contained in Paragraph 5 of Count VI.

## AS TO COUNT VII

1.      Defendants repeat and reincorporate herein their answers to the Background allegations as contained in paragraphs 1 though 55 inclusive, and the allegations contained in Counts I through VI inclusive, as if set forth at length herein.

2.      Defendants deny the allegations contained in Paragraph 2 of Count VII.

3.      Defendants deny the allegations contained in Paragraph 3 of Count VII.

4.      Defendants deny the allegations contained in Paragraph 4 of Count VII.

5.      Defendants deny the allegations contained in Paragraph 5 of Count VII.

### AS TO COUNT VIII

1. Defendants repeat and reincorporate herein their answers to the Background allegations as contained in paragraphs 1 though 55 inclusive, and the allegations contained in Counts I through VII inclusive, as if set forth at length herein.

2. Defendants deny the allegations contained in Paragraph 2 of Count VIII.

3. Defendants deny the allegations contained in Paragraph 3 of Count VIII.

4. Defendants deny the allegations contained in Paragraph 4 of Count VIII.

5. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Count VIII, but leave Plaintiffs to their proofs.

6. Defendants deny the allegations contained in Paragraph 6 of Count VIII.

### AS TO COUNT IX

1. Defendants repeat and reincorporate herein their answers to the Background allegations as contained in paragraphs 1 though 55 inclusive, and the allegations contained in Counts I through VIII inclusive, as if set forth at length herein.

2. Defendants deny the allegations contained in Paragraph 2 of Count IX.

3. Defendants deny the allegations contained in Paragraph 3 of Count IX.

### AS TO COUNT X

1. Defendants repeat and reincorporate herein their answers to the Background allegations as contained in paragraphs 1 though 55 inclusive, and the allegations contained in Counts I through IX inclusive, as if set forth at length herein.

2. Defendants deny the allegations contained in Paragraph 2 of Count X.

3.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of Count X, but leave Plaintiffs to their proofs.

4.     Defendants deny the allegations contained in Paragraph 4 of Count X.

## AS TO COUNT XI

1.     Defendants repeat and reincorporate herein their answers to the Background allegations as contained in paragraphs 1 though 55 inclusive, and the allegations contained in Counts I through X inclusive, as if set forth at length herein.

2.     Defendants deny the allegations contained in Paragraph 2 of Count XI.

3.     Defendants deny the allegations contained in Paragraph 3 of Count XI.

## AS TO COUNT XII

1.     Defendants repeat and reincorporate herein their answers to the Background allegations as contained in paragraphs 1 though 55 inclusive, and the allegations contained in Counts I through XI, inclusive as if set forth at length herein.

2.     Defendants deny the allegations contained in Paragraph 2 of Count XII.

3.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of Count XII, but leave Plaintiffs to their proofs.

4.     Defendants deny the allegations contained in Paragraph 4 of Count XII.

## AS TO COUNT XIII

1.     Defendants repeat and reincorporate herein their answers to the Background allegations as contained in paragraphs 1 though 55 inclusive, and the allegations contained in Counts I through XII inclusive, as if set forth at length herein.

2.     Defendants deny the allegations contained in Paragraph 2 of Count XIII.

3.     Defendants deny the allegations contained in Paragraph 3 of Count XIII.

## AS TO COUNT XIV

1.     Defendants repeat and reincorporate herein their answers to the Background allegations as contained in paragraphs 1 though 55 inclusive, and the allegations contained in Counts I through XIII inclusive, as if set forth at length herein.

2.     Defendants deny the allegations contained in Paragraph 2 of Count XIV.

3.     Defendants deny the allegations contained in Paragraph 3 of Count XIV.

## AS TO COUNT XV

1.     Defendants repeat and reincorporate herein their answers to the Background allegations as contained in paragraphs 1 though 55 inclusive, and the allegations contained in Counts I through XIV inclusive, as if set forth at length herein.

2.     Defendants deny the allegations contained in Paragraph 2 of Count XV.

3.     Defendants deny the allegations contained in Paragraph 3 of Count XV.

## AS TO COUNT XVI

1.     Defendants repeat and reincorporate herein their answers to the Background allegations as contained in paragraphs 1 though 55 inclusive, and the allegations contained in Counts I through XIV inclusive, as if set forth at length herein.

2.     Defendants deny the allegations contained in Paragraph 2 of Count XVI.

## AFFIRMATIVE DEFENSES

## FIRST SEPARATE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted against answering Defendants.

## SECOND SEPARATE DEFENSE

New Jersey Courts do not have personal jurisdiction over answering Defendants.

## THIRD SEPARATE DEFENSE

Plaintiffs' allegations of violation of Title VII of the Civil Rights Act of 1964, as amended, are barred by their failure to timely obtain the necessary Right to Sue letter, and/or timely file the Complaint.

## FOURTH SEPARATE DEFENSE

Plaintiffs damages, if any, were caused by Plaintiffs' own actions or failure to act and therefore, Plaintiffs' claims are barred and/or limited by their comparative fault.

## FIFTH SEPARATE DEFENSE

To the extent Plaintiffs claim damages based upon emotional, mental and physical injuries, such claims are barred, in whole or in part, by the exclusivity provisions of the applicable Workers' Compensation Act.

## SIXTH SEPARATE DEFENSE

Upon information and belief, Plaintiffs have failed to mitigate their alleged damages.

## SEVENTH SEPARATE DEFENSE

Plaintiffs' claims, in whole or in part, are barred by the applicable statute of limitations.

## EIGHTH SEPARATE DEFENSE

Plaintiffs did not suffer any loss or damage by reason of any alleged acts of these Answering Defendants.

## NINTH SEPARATE DEFENSE

Defendants do not constitute an "employer" within the meaning of the NJLAD or Title VII of the Civil Rights Act of 1964, as amended.

663021.1

## TENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because any alleged damages incurred by the Plaintiffs resulted from the action or failure to act by other persons or entities over which Defendants had no control.

## ELEVENTH SEPARATE DEFENSE

The claims asserted in the Complaint are barred by the doctrine of avoidable consequences.

## TWELFTH SEPARATE DEFENSE

By their own acts and conduct, including Plaintiffs' own unclean hands, Plaintiffs' are estopped from bringing this action.

## THIRTEENTH SEPARATE DEFENSE

Plaintiffs' are not entitled to recover punitive damages for the claims asserted in plaintiffs' Complaint, particularly since defendants did not engage in any discriminatory practice with malice or reckless indifference to plaintiff's rights.

## FOURTEENTH SEPARATE DEFENSE

Plaintiffs' claims for punitive damages are barred by the due process clause of the Fourteenth Amendment to the United States Constitution.

## FIFTHTEENTH SEPARATE DEFENSE

New Jersey Laws Against Discrimination would not apply to these New York Defendants, concerning a business which is located in and only does business in New York.

## SIXTEENTH SEPARATE DEFENSE

Former employee Plaintiffs were at-will employees.

663021.1

## SEVENTEENTH SEPARATE DEFENSE

Defendants reserve the right to supplement these affirmative defenses as discovery becomes available.

## JURY DEMAND

Defendants hereby demand a jury trial.

**WHEREFORE, Defendants** Park Cake, Inc. d/b/a L'Express and Thierry Haxaire, prays that this Court grant judgment:

    (a)  dismissing the Complaint in its entirety;

    (b)  awarding Defendants the costs incurred in defending this action;

    (c)  awarding Defendants the attorney fees incurred in defending this action; and

    (d)  granting Defendants such other and further relief as the Court many deem just and proper.

        **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**
        Attorneys for Defendants Park Cake, Inc. d/b/a L'Express and
        Thierry Haxaire

        By:   /s/ Thomas Quinn         
              Thomas F. Quinn, Esq. (TQ 3063)

Dated: 10/30/07

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Thomas F. Quinn
33 Washington Street
Newark, New Jersey 07102-5003
Tel: (973) 624-0800
Fax: (973) 624-0799
Attorneys for Defendants Park Cake, Inc. d/b/a L'Express and Thierry Haxaire

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDELAZIZ ELMHADA, ASHRAF F. NASSIEF & VICTOR TAWFIK, : <br><br> Plaintiffs, : <br><br> v. : <br><br> PARK CAKE, INC., D/B/A L'EXPRESS, : THIERRY HAXAIRE, Individually and as an : Owner and General Manager of L'Express, : "CARINE," Individually and as a General Manager : of L'Express, and JOHN AND JANE DOES No. 1- : 50, : <br><br> Defendants. : | Civil Action No.: <br><br><br> **CERTIFICATION OF SERVICE** |

I hereby certify that on behalf of the Defendants, Park Cake, Inc. d/b/a L'Express and Thierry Hazaire, I caused this Notice of Removal with exhibits, Answer to Complaint and Case Information Statement to be electronically filed on this date. I further certify that a copy was sent via NJ Lawyer's Service to:

Clerk, Hudson County Superior Court
Brennan Courthouse
583 Newark Avenue
Jersey City, NJ 07306

Jay Chatarpaul, Esq.
Chatarpaul Law Offices, P.C.
50 Harrison Street, Suite 211B
Hoboken, NJ 07030

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendants Park Cake, Inc. d/b/a L-Express and
Thierry Hazaire

By: s/Thomas Quinn
      Thomas F. Quinn, Esq. (TQ 3063)

Dated: October 30, 2007

661258.1

**RECEIVED**

OCT 3 0 2007

AT 8:30_____M
WILLIAM T. WALSH, CLERK

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Thomas F. Quinn
33 Washington Street
Newark, New Jersey 07102-5003
Tel: (973) 624-0800
Fax: (973) 624-0799
Attorneys for Defendants Park Cake, Inc. d/b/a L'Express and Thierry Haxaire

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDELAZIZ ELMHADA, ASHRAF F. NASSIEF & VICTOR TAWFIK, | : Civil Action No.: 07-5221 (FSH) |
| Plaintiffs, | : |
| v. | : RULE 7.1 DISCLOSURE STATMENT |
| PARK CAKE, INC., D/B/A L'EXPRESS, THIERRY HAXAIRE, Individually and as an Owner and General Manager of L'Express, "CARINE," Individually and as a General Manager of L'Express, and JOHN AND JANE DOES No. 1-50, | : |
| Defendants. | : |

Pursuant to Fed. R. Civ. P. 7.1 and to enable judges and magistrate judges of the court to evaluate possible disqualification or recusal, Defendant, Park Cake, Inc. d/b/a L'Express is a wholly owned subsidiary of Park Cake, Inc., a privately owned company, not listed on the New York Stock Exchange.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**
Attorneys for Defendants Park Cake, Inc. d/b/a L'Express and Thierry Haxaire

By:  /s/ Thomas Quinn
Thomas F. Quinn, Esq.  (TFQ-3063)
33 Washington St.
Newark, New Jersey 07102
(973) 624-0800

Dated: October 30, 2007

661253.1

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
**Thomas F. Quinn**
**33 Washington Street**
**Newark, New Jersey 07102-5003**
**Tel: (973) 624-0800**
**Fax: (973) 624-0799**
**Attorneys for Defendants Park Cake, Inc. d/b/a L'Express and**
**Thierry Haxaire**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDELAZIZ ELMHADA, ASHRAF F. NASSIEF & VICTOR TAWFIK,<br><br>          Plaintiffs,<br><br>v.<br><br>PARK CAKE, INC., D/B/A L'EXPRESS, THIERRY HAXAIRE, Individually and as an Owner and General Manager of L'Express, "CARINE," Individually and as a General Manager of L'Express, and JOHN AND JANE DOES No. 1-50,<br><br>          Defendants. | : Civil Action: 2:07-cv-05221-FSH-PS<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    **CERTIFICATE OF**<br>:    **APPEARANCE**<br>:<br>:    **ELECTRONICALLY FILED**<br>:<br>:<br>:<br>:<br>: |

I, Kim M. Connor, hereby certify as follows:

1.    I am a member of the bar in good standing in the State of New Jersey and this District and an associate with the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for Defendant Park Cake, Inc. d/b/a L'Express and Thierry Haxaire ("Defendants").

665426.1

2.      I have been assigned by Thomas F. Quinn, Esq., a partner of the firm, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, to assist in the representation of Defendants, and seek by this Notice to be added as an attorney of record so that I may file documents on behalf of Defendants, Park Cake, Inc. d/b/a L'Express and Thierry Haxaire, be a recipient of all Court Notices, receive all documents filed by any party with respect to this case, and otherwise assist in the defense of Defendants, Park Cake, Inc. d/b/a L'Express and Thierry Haxaire.

3.      I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

> **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
> Defendants, Park Cake, Inc. d/b/a L'Express and Thierry Haxaire
>
>
> By:/s/   Kim M. Connor
>       Kim M. Connor, Esq.
>       33 Washington Street - 17th Floor
>       Newark, New Jersey 07102
>       (973) 624-0800
>       kim.connor@wilsonelser.com

Dated: November 6, 2007

665426.1

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
**Thomas F. Quinn**
**33 Washington Street**
**Newark, New Jersey 07102-5003**
**Tel:  (973) 624-0800**
**Fax: (973) 624-0799**
**Attorneys for Defendants Park Cake, Inc. d/b/a L'Express and**
**Thierry Haxaire**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ABDELAZIZ ELMHADA, ASHRAF F. NASSIEF & VICTOR TAWFIK, | : Civil Action: 2:07-cv-05221-FSH-PS |
| | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| PARK CAKE, INC., D/B/A L'EXPRESS, THIERRY HAXAIRE, Individually and as an Owner and General Manager of L'Express, "CARINE," Individually and as a General Manager of L'Express, and JOHN AND JANE DOES No. 1-50, | : **CERTIFICATE OF APPEARANCE** |
| | : |
| | : **ELECTRONICALLY FILED** |
| | : |
| | : |
| | : |
| Defendants. | : |

I, Kim M. Connor, hereby certify as follows:

1.      I am a member of the bar in good standing in the State of New Jersey and this District and an associate with the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for Defendant Park Cake, Inc. d/b/a L'Express and Thierry Haxaire ("Defendants").

665426.1

2.      I have been assigned by Thomas F. Quinn, Esq., a partner of the firm,

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, to assist in the representation

of Defendants, and seek by this Notice to be added as an attorney of record so that

I may file documents on behalf of Defendants, Park Cake, Inc. d/b/a L'Express and

Thierry Haxaire, be a recipient of all Court Notices, receive all documents filed by

any party with respect to this case, and otherwise assist in the defense of

Defendants, Park Cake, Inc. d/b/a L'Express and Thierry Haxaire.

3.      I hereby certify that the foregoing statements made by me are true.  I

am aware that if any of the foregoing statements made by me are willfully false, I

am subject to punishment.

> **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
> Defendants, Park Cake, Inc. d/b/a L'Express and Thierry Haxaire
>
>
> By:/s/   Kim M. Connor
>         Kim M. Connor, Esq.
>         33 Washington Street - 17th Floor
>         Newark, New Jersey 07102
>         (973) 624-0800
>         kim.connor@wilsonelser.com

Dated: November 6, 2007

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
**Thomas F. Quinn**
**33 Washington Street**
**Newark, New Jersey 07102-5003**
**Tel:  (973) 624-0800**
**Fax: (973) 624-0799**
**Attorneys for Defendants Park Cake, Inc. d/b/a L'Express and Thierry Haxaire**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ABDELAZIZ ELMHADA, ASHRAF F. NASSIEF & VICTOR TAWFIK, | : <br> : Civil Action: 2:07-cv-05221-FSH-PS <br> : |
| Plaintiffs, | : <br> : |
| v. | :     **NOTICE OF MOTION TO** <br> : **DISMISS COMPLAINT FOR** <br> : **LACK OF IN PERSONAM** |
| PARK CAKE, INC., D/B/A L'EXPRESS, THIERRY HAXAIRE, Individually and as an Owner and General Manager of L'Express, "CARINE," Individually and as a General Manager of L'Express, and JOHN AND JANE DOES No. 1-50, | :       **JURISDICTION** <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

**PLEASE TAKE NOTICE** that the undersigned on behalf of the Defendants Park Cake, Inc., d/b/a L'Express, and Thierry Haxaire,  move before this Court on December 24, 2007 at 10:00 a.m. in the forenoon or as soon thereafter as counsel may be heard at the United States District Court, District of New Jersey, Martin Luther King Jr., Federal Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07102 for an Order (1) dismissing the

669099.1

Complaint against Defendants based upon lack of *in personam* jurisdiction, or in the alternative, transferring the matter to Southern District of New York; and (2) dismissing Plaintiffs' New Jersey Law Against Discrimination claims against Defendants, and for such and other further relief as this court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that, in support of its motion, counsel for Defendants Park Cake, Inc., d/b/a/ L'Express and Thierry Haxaire shall rely upon the attached Certification and Exhibit, and the accompanying Memorandum of Law.

> **WILSON, ELSER, MOSKOWITZ, EDELMAN**
> **& DICKER, LLP**
> Attorneys for Defendants Park Cake, Inc. d/b/a L'Express and
> Thierry Haxaire
>
>
> By:     */s/ Thomas F. Quinn*
>         Thomas F. Quinn, Esq. (TQ 3063)

Dated: November 28, 2007

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
**Thomas F. Quinn**
**33 Washington Street**
**Newark, New Jersey 07102-5003**
**Tel: (973) 624-0800 Fax: (973) 624-0799**
**Attorneys for Defendants Park Cake, Inc. d/b/a L'Express and**
 **Thierry Haxaire**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDELAZIZ ELMHADA, ASHRAF F. NASSIEF & VICTOR TAWFIK, | : |
| | : Civil Action: 2:07-cv-05221-FSH-PS |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| PARK CAKE, INC., D/B/A L'EXPRESS, | : |
| THIERRY HAXAIRE, Individually and as | : |
| an Owner and General Manager of | : |
| L'Express, "CARINE," Individually and as | : |
| a General Manager of L'Express, and JOHN | : |
| AND JANE DOES No. 1-50, | : |
| | : |
| Defendants. | : |
| | |

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION BY DEFENDANTS PARK CAKE, INC., D/B/A L'EXPRESS AND THIERRY HAXAIRE TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY, TRANSFER VENUE, AND TO DISMISS PLAINTIFFS' NEW JERSEY LAW AGAINST DISCRIMINATION CLAIMS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

---

**Thomas F. Quinn**
**On the Brief and Of Counsel**
**Kim M. Connor**
**On the Brief**

669214.1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................ii

PRELIMINARY STATEMENT.......................................................................... 1

STATEMENT OF FACTS .................................................................................. 3

LEGAL ARGUMENT ........................................................................................ 6

POINT I.............................................................................................................. 6

    PLAINTIFFS' COMPLAINT MUST BE DISMISSED AS
    THE COURT LACKS PERSONAL JURISDICTION
    OVER DEFENDANTS PARK CAKE, INC., D/B/A
    L'EXPRESS OR THIERRY HAXAIRE......................................................... 6

    A.  Standard For Personal Jurisdiction ....................................... 8

    B.  New Jersey Lacks General Jurisdiction Over
        L'Express and Haxaire ........................................................... 9

    C.  New Jersey Lacks Specific Jurisdiction Over
        L'Express and Haxaire ........................................................... 9

        1.  Purposeful Availment ....................................................... 11
        2.  Fair Play and Substantial Justice ................................... 14

POINT II ........................................................................................................ 17

    VENUE IN NEW JERSEY IS IMPROPER.................................................. 17

    A.  Venue Is Improper Pursuant to 28 U.S.C. 1391(a)............... 17

    B.  Transfer of Venue is Appropriate Under 28 U.S.C.
        §1404(a) ................................................................................ 18

POINT III........................................................................................................ 19

    PLAINTIFFS' NEW JERSEY LAD CLAIMS MUST BE
    DISMISSED PURSUANT TO FEDERAL RULE
    12(b)(6) ...................................................................................... 19

CONCLUSION................................................................................................ 22

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

Amberson Holdings LLC v. Westside Story Newspaper,
110 F. Supp. 2d 332 (D.N.J. 2000) ................................................................. 13

Asahi Metal Industry Co. v. Superior Court of California,
480 U.S. 102 (1987) ....................................................................................... 15

Bane v. Netlink, Inc.,
925 F.2d 637 (3rd Cir. 1991) ........................................................................... 6

Brunner v. AlliedSignal, Inc.,
198 F.R.D. 612 (D.N.J. 2001) ......................................................................... 21

Burger King Corp., v. Rudzewicz,
471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) ................................... 7, 10

Conley v. Gibson,
355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) ............................................. 19

Database America, Inc. v. Bellsouth Advertising & Publishing Corp.,
825 F. Supp. 1195 .......................................................................................... 17

Hanson v. Denckla,
357 U.S. 235, 25178 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958) ............................... 7, 9

Helicopteros Nacionales de Colombia, S.A. v. Hall,
466 U.S. 408 (1984) ....................................................................................... 6, 8

International Shoe Co. v. Washington,
326 U.S. 310, 66 S. Ct. 154, B. 90 L.Ed. 95 (1945) ......................................... 6, 7, 15

Machulsky v. Hall,
210 F. Supp. 2d 531 (D.N.J. 2002) ................................................................. 11

Milliken v. Meyer,
311 U.S. 457 (1940) ....................................................................................... 6

Oatway v. America International Group, Inc.,
325 F.3d 184 (3d Cir. 2003) ................................................................... 19

Pennoyer v. Neff,
95 U.S. 714 (1878) ................................................................................... 6

Shamley v. I.T.T. Corp.,
869 F.2d 167 (2d Cir. 1989) ................................................................... 21

Toys "R" Us, Inc. v. Step Two, S.A.,
318 F.3d 446 (3d Cir. 2003) ................................................................... 14

Turkus v. Utility Manufacturing Co., Inc.,
2007 U.S. Dist. LEXIS 25056 (D.N.J. 2007) .................................... 19, 20

World-Wide Volkswagen v. Woodson,
44 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980) .................... 7, 8, 15

## STATE CASES

Blakey v. Continental Airlines, Inc.,
164 N.J. 38 (2000) .................................................................................. 9

Bovino v. Brumbaugh,
227 N.J. Super. 432 (App. Div. 1987) .................................................. 13

Buccilli v. Timby, Brown & Timby,
283 N.J. Super. 6, 660 A.2d 1261 (N.J. Super. Ct. App. Div. 1995) ..................... 21

Charles Gendler & Co., v. Telecom Equipment Corp.,
102 N.J. 460 (1986) ............................................................................ 7, 8

D'Agostino v. Johnson & Johnson,
143 N.J. 516 ......................................................................................... 20

Lebel v. Everglades Marina, Inc.,
115 N.J. 317 (1989) ......................................................................... 8, 9, 11

Pfundstein v. Omnicom Group, Inc.,
285 N.J. Super. 245 (App. Div. 1995) .................................................. 12

iii

Severinsen v. Widener University,
338 N.J. Super. 42 (App. Div. 2001) .................................................................... 8, 10

Washington v. Magazzu,
216 N.J. Super. 23 (App. Div. 1987) ................................................................. 10, 15

Waste Management, Inc., v. Admiral Insurance Co.,
138 N.J. 106 (1994) ........................................................................................... 7, 10

## FEDERAL STATUTES

28 U.S.C.A. §1391(a) ............................................................................................... 17

Fed. R. Civ. P. 8(a) .................................................................................................. 19

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 19

28 U.S.C. §1404(a) .................................................................................................. 18

## MISCELLANEOUS

18 Marvin M. Goldstein & Stanley L. Goodman,
New Jersey Practice § 4.2 (2d ed. 2007) ................................................................. 6

Employment Litigation in New Jersey § 14.34, Rosemary Alito ............................. 6

N.J.S.A. 10:5-1 et. seq .............................................................................................. 19

# PRELIMINARY STATEMENT

In the Complaint, Plaintiffs, former employees of Park Cake Inc., d/b/a L'Express (hereinafter "L'Express"), a restaurant located in New York, and incorporated under the laws of New York, allege that they were subjected to various acts of discrimination, sexual harassment and/or wrongful termination, during the course of their employment at L'Express in New York. Plaintiffs further allege that the acts which caused them damage took place at the restaurant, by one or more persons of management level. Plaintiffs, who allege to be New Jersey residents, have chosen to file this lawsuit in New Jersey for disposition, and seek damages pursuant to the New Jersey Law Against Discrimination, irrespective of the fact all alleged wrongful conduct took place in the State of New York.

As explained below, New Jersey does not have personal jurisdiction over Defendants L'Express and Thierry Haxaire ("Haxaire"). L'Express is a New York Corporation, with its only location in New York. Haxaire is a New York resident, who also works only in New York. Neither Defendant owns property or does business in New Jersey. Thus, there is no basis upon which to impose personal jurisdiction upon Defendants, and therefore the Complaint should be dismissed for lack of personal jurisdiction, or in the alternative, transferred to the United States Southern District Court of New York.

1

Further, Plaintiffs allege that Defendants are liable to them for damages based upon violations of the New Jersey Law Against Discrimination, <u>N.J.S.A</u>. 10-5:1, <u>et</u> <u>seq</u>. ("LAD"). However, insofar as Plaintiffs were not employed in New Jersey, and Defendants are not New Jersey employers, the New Jersey LAD cannot apply to impose damages upon these Defendants. Therefore, Plaintiffs do not have a cause of action against Defendants under the New Jersey LAD, and all counts of the Complaint seeking damages pursuant to the LAD should be dismissed, with prejudice.

## STATEMENT OF FACTS

1.     Plaintiffs, Abdelaziz Elmhada, Ashraf F. Nassief & Victor Tawfik, filed a civil action before the Superior Court of New Jersey, Law Division, Superior Court, Hudson County, bearing Docket Number HUD-L-4063-07, entitled *Abdelaziz Elmhada, Ashraf F. Nassief & Victor Tawfik v. Park Cake, Inc., D/B/A L'Express Thierry Hazaire, Individually and as an Owner and General Manager of L'Express, "Carine," Individually and as a General Manager of L'Express, and John and Jane Does No. 1-50*.   See Docket No., Exhibit 1, Complaint attached thereto.

Plaintiff's Cause of Action

2.     Plaintiffs allege workplace discrimination arising out of their employment with the defendant Park Cake, Inc. d/b/a/ L'Express, a restaurant located in Manhattan, New York.  The Complaint alleges causes of action under Title VII of the Civil Rights Act of 1964, and under New Jersey LAD arising out of alleged employment discrimination, including gender and ethic discrimination, sexual harassment and wrongful/constructive termination of their employment. More specifically, Plaintiffs seek damages from Defendants, including back-pay, front-pay, bonuses, personal and vacation days, loss of pension benefits, compensatory damages, emotional distress damages, punitive damages, pre-and

3

post interest, attorney fees and other costs.  See Docket Entry No.1, at Exhibit 1 (Complaint) attached thereto.

3.     On  October 30, 2007, Defendants L'Express and Haxaire removed the matter to District Court of New Jersey, based upon federal question jurisdiction pursuant to 28 U.S.C. §1331, and diversity jurisdiction pursuant to  28 U.S.C. §1332(a). See Docket Entry 1.

4.     Defendant  Park Cake d/b/a L'Express ("L'Express")  is  a New York Corporation, with its only place of business located at 249 Park Avenue So, New York, New York.  See, Certification of Thierry Haxaire, ¶ 4, at Exhibit A attached to Certification of Kim M. Connor (hereinafter Exhibit A).

5,     Defendant L'Express does not own any property in New Jersey, nor does it maintain an office or location in New Jersey.  See Exhibit A, Certification of Thierry Haxaire, ¶ 5.

6.     Defendant Haxaire, is, and at all times relevant was, a resident of New York residing at 513 West 152nd St, New York, New York, 10031.   See Exhibit A, Certification of Thierry Haxaire, ¶ 2.

7.     Haxaire does not own or rent property in New Jersey, nor does her otherwise conduct business in New Jersey.  See Exhibit A, Certification of Thierry Haxaire, ¶ 3.

8.     In the Complaint, Plaintiffs allege that they were subjected to workplace discrimination which took place at the New York restaurant, during their employment at the restaurant, and committed by management of the restaurant.  See  Docket No. 1, Exhibit 1, Complaint, see e.g., 4-7; 9, 23-29, 37-48.

9.     The Complaint also names "Carine" as a "general manager of L'Express" as a defendant responsible to Plaintiffs for damages.  See  Docket No. 1, Exhibit 1, Complaint, see e.g., ¶6, 13, 15, 23-29, 37-48.

10.    Defendant "Carine" went by the name of "Carine Chauvet" during her employment with L'Express, although the name she provided L'Express at the time of hire was Karen Masso, and her last known address was 150 West 140th Street, New York, New York 10030.   See Exhibit A, Certification of Thierry Haxaire, ¶9.

11.    Plaintiffs' Complaint does not allege that the conduct for which they seek damages was committed in New Jersey.

12.    On or about October 30, 2007, Defendants L'Express and Haxaire filed its Answer to the Complaint.  See Docket Entry No. 1-5.

## LEGAL ARGUMENT

## POINT I

## PLAINTIFFS' COMPLAINT MUST BE DISMISSED AS THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS PARK CAKE, INC., D/B/A L'EXPRESS OR THIERRY HAXAIRE

A state's power to assert *in personam* jurisdiction over non-resident defendants is limited by the Fourteenth Amendment's Due Process Clause. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413-414 (1984); see also Pennoyer v. Neff, 95 U.S. 714 (1878). A federal court may exercise personal jurisdiction over a nonresident of the state in which the court sits only to the extent authorized by the law of that state. Bane v. Netlink, Inc., 925 F.2d 637, 639 (3rd Cir. 1991). However, "*in personam* jurisdiction may only be asserted over a non-resident defendant if that defendant has certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

The "minimum contact" principle was established in International Shoe v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), wherein United States Supreme Court found a foreign corporation's systematic and continuous employment of salesmen in the forum state permitted the foreign corporation to be sued in that state. For the first time the Court articulated the "minimum contacts" principle

which, in short, provides that a corporation may be sued in a state provided the corporation has certain minimum contacts with that state. Before International Shoe, personal jurisdiction could only be obtained if the corporation had an actual presence in the forum state. See e.g., Hanson v. Denckla, 357 U.S. 235, 25178 S.Ct. 1228, 1238, 2 L.Ed. 2d 1283, 1296 (1958); Charles Gendler & Co., v. Telecom Equipment Corp. 102 N.J. 460, 468 (1986); Waste Management, Inc., v. Admiral Ins. Co., 138 N.J. 106 (1994).

The fundamental purpose of the minimum contacts requirement is to ensure the fairness and reasonableness of requiring a non-resident to defend a lawsuit in the forum state. International Shoe, 326 U.S. at 317, 66 S.Ct. at 158, 90 L.Ed. at 102.; Charles Gendler & Co., 102 N.J. at 470; Waste Management, Inc., 138 N.J. at 120. The dispositive consideration in determining whether it is fair and reasonable to subject a defendant to suit in a particular forum is whether the defendant should reasonably have anticipated being sued in that forum court. See e.g., Charles Gendler & Co., 102 N.J. at 470; World-Wide Volkswagen v. Woodson, 44 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed 2d 490, 501 (1980); Burger King Corp., v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed. 2d 528, 542 (1985). In this regard:

> It is essential that there be some act by which defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws.

7

International Shoe, 326 U.S. at 319, 66 S.Ct. at 159, 90 L.Ed. at 103. See also, Charles Gendler & Co., 102 N.J. at 471; Waste Management, Inc., 138 N.J. at 120; World-Wide Volkswagen, 44 U.S. at 297, 100 S.Ct. at 567, 62 L.Ed 2d at 501; Burger King Corp., 471 U.S. at 473, 105 S.Ct. at 2182, 85 L.Ed. 2d at 540-541.

## A.    **Standard for Personal Jurisdiction**

Personal jurisdiction may be either general or specific. See Lebel v. Everglades Marina, Inc., 115 N.J. 317, 322 (1989); Severinsen v. Widener Univ., 338 N.J. Super. 42, 47 (App. Div. 2001). If "the suit is not related directly to the defendant's contacts with the forum state, but is predicated instead on the defendant's continuous and systematic activities in the forum state, the state's exercise of jurisdiction is 'general.'" Severinsen, 338 N.J. Super. at 47; see also, Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 9 (1984). Alternatively, "if a cause of action arises directly out of a defendant's contacts with the forum state, the court's jurisdiction is 'specific.'" Severinsen, 338 N.J. Super. at 47 (citing Waste Mgmt., Inc., 138 N.J. 106, 119 (1994)). In either case, this Court must apply a two-prong test to decide whether an extension of its jurisdiction to L'Express and/or Thierry Haxaire does not offend due process. The first prong involves a determination of whether L'Express and Haxaire had sufficient "minimum contacts." The second prong requires this Court to determine whether extending jurisdiction would comport with notions of "fair play and substantial

8

justice." Severinsen, 338 N.J. Super. at 46; and see Blakey v. Continental Airlines, Inc., 164 N.J. 38, 66 (2000).

**B.**    **New Jersey Lacks General Jurisdiction Over L'Express and Haxaire**

New Jersey may assert general jurisdiction over a foreign defendant if the defendant had "continuous and systematic" activities in New Jersey.  See Lebel v. Everglades Marina, Inc., 115 N.J. 317, 323 (1989).

Neither L'Express nor Haxaire had any significant "continuous and systematic" contacts with New Jersey. Park Cake, Inc., d/b/a L'Express is a corporation organized under the laws of the State of New York with its only location in New York.  Haxaire is an owner of the business, who both resides and works in New York.   Defendants do not have any businesses, agents, representatives or employees, own any real property or assets, maintain bank accounts, have a telephone listing, pay taxes, or target or solicit business in New Jersey.   Consequently, any exercise of general jurisdiction over L'Express or Haxaire would violate due process.

**C.**    **New Jersey Lacks Specific Jurisdiction Over L'Express and Haxaire**

Under a specific jurisdiction analysis, Plaintiffs must show that L'Express and Haxaire purposefully availed themselves "of the privilege of conducting activities within New Jersey, thereby invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).

9

This Court must first decide whether Defendants purposefully established minimum contacts within New Jersey giving it 'fair warning' that its business may subject it to jurisdiction.

> Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this "fair warning" requirement is satisfied if the defendant has "purposefully directed" his activities at residents of the forum…and the litigation results from alleged injuries that 'arise out of or relate to' those activities….

Washington v. Magazzu, 216 N.J. Super. 23, 27 (App. Div. 1987) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-74 (1985)).  Second, the court must then consider whether the assertion of personal jurisdiction would nonetheless comport with "fair play and substantial justice." Magazzu, *supra*, 216 N.J. Super. at 28.

Central to specific jurisdiction is that the asserted cause of action directly arose out of the defendant's contacts in the forum. See Waste Management, Inc. v. Admiral Ins. Co., 138 N.J. 106, 119 (1994); Severinsen v. Widener Univ., 338 N.J. Super. 42, 47 (App. Div. 2001).

Here, Plaintiffs allege that they were subjected to discrimination, sexual harassment and wrongful/constructive termination arising out of their employment

at L'Express, a restaurant located in New York.[1]    The only contact any defendant

had with New Jersey is alleged to have taken place when Defendant "Carine"

called Mr. Tawfik at his cell phone number, and Tawfik received that call in New

Jersey.  See Docket No. 1, Exhibit 1. Complaint, ¶53.  Despite this allegation, the

allegations of workplace discrimination and harassment do not arise from any

contact with New Jersey by Defendants L'Express or Haxaire (or "Carine" for that

matter).  Accordingly, this case does not present facts sufficient to create specific

jurisdiction.

### 1.    Purposeful Availment

As noted, New Jersey's long arm jurisdiction is only imposed when

sufficient minimum contacts and purposeful availment is present. In fact, it is not

the number of contacts in a forum, but rather the nature of the contact that is

determinative of jurisdiction.  See Lebel v. Everglades Marina, Inc., 115 N.J. 317

(1989).  More specifically, Courts in the District of New Jersey Court held that

"telephone communications or mail sent by a defendant [do] not trigger personal

jurisdiction if they 'do not show purposeful availment.'" Machulsky v. Hall, 210

F.Supp.2d 531, 539 (D.N.J. 2002) (internal citations omitted). Likewise, emails

must be accompanied by other substantial contacts with the forum to be considered

---

[1] For example, the Complaint alleges, at ¶9, "Elmhada was subjected to various acts of discrimination during his employment with L'Express";  ¶23, "…a female friend touched Nassief in [
(continued . . . )

as purposeful availment. <u>See</u> <u>id</u>.  Here, the only connection between New Jersey and the allegations contained in the Complaint are that Plaintiffs are current residents of New Jersey (<u>See</u> Docket Entry 1, Exhibit 1, Complaint, at ¶1, 2 and 3) and that "Carine" called Plaintiff Tawkif on his cell phone while he was in New Jersey. See:  Docket Entry 1, Exhibit 1, Complaint, at ¶44.

By way of guidance, <u>Pfundstein v. Omnicom Group, Inc.</u>, 285 N. J. Super. 245 (App. Div. 1995) was a case which involved a New Jersey plaintiff's employment and severance agreement with a New York corporation. The court ruled that jurisdiction did not exist over the defendant who, other than calling plaintiff in New Jersey to negotiate agreements, did not engage in any other acts to purposefully avail itself of the privilege of conducting business in New Jersey or invoking the benefit of its laws.

In the same vein, the connections of Defendants to New Jersey are tenuous, at best. Other than the incidental contact of Carine's telephone call to Plaintiff Tawif, who happened to be in New Jersey when he received the call, there are no facts or allegations to show that L'Express or Haxaire availed themselves of the privilege of conducting business in New Jersey, and thus jurisdiction cannot be invoked over L'Express or Haxaire.

---

( . . . continued)

]appropriate places during his shift;" and ¶37 "As soon as he was hired by L'Express and assign to his duty as host, Tawfik immediately became a victim to Defendant's [sic] "Carine's sexual harassment."

12

Similarly, in <u>Bovino v. Brumbaugh</u>, 227 N.J. Super. 432 (App. Div. 1987), the Court found no New Jersey jurisdiction over a Pennsylvania doctor, under analogous circumstances. Much like L'Express and Thierry Haxaire, the defendant doctor did not solicit business from New Jersey or have agents or employees here. The defendant doctor did not advertise, or perform professional activities here. As a result, there was no transaction of New Jersey business by the doctor and his contacts with this forum were insufficient for jurisdictional purposes, even though his patient was a New Jersey resident.

L'Express admittedly has a website, but the website clearly establishes that the restaurant is located in New York. Further, the mere existence of a website does not "establish the necessary 'minimum contacts' to subject a defendant to personal jurisdiction, [otherwise] there would not be the degree of predictability to the legal system that allows potential defendant to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit. This predictability is derived, in part, from the Due Process Clause of the federal constitution. Thus, a liberal application of personal jurisdiction would serve to force this constitutional assurance out of existence." <u>Amberson Holdings LLC v. Westside Story Newspaper,</u> 110 F. Supp. 2d 332, 336 (D.N.J. 2000). Internal citations omitted.

In Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 453 (3d Cir. 2003), the Third Circuit found that a website could be a basis for conferring jurisdiction upon parties. The Court explained that "the propriety of exercising jurisdiction depends on where on a sliding scale of commercial interactivity the web site falls. In cases where the defendant is clearly doing business through its web site in the forum state, and where the claim relates to or arises out of use of the web site, [ ] personal jurisdiction exists." Id. (Citations omitted).

In this case, the L'Express website only provides information with respect to the restaurant in New York, including its address, menus, hours of operation, gift cards for the restaurant, and contact information including a New York telephone number to call in order to make reservations. (See Exhibit A, Certification of Thierry Haxaire, ¶8.) In addition, not one of the Plaintiffs allege that they were damaged as a result of their use of the website. In fact, the website does not even provide information about employment opportunities at L'Express. (See Exhibit A, Certification of Thierry Haxaire, ¶8.) Therefore, the existence of the website cannot be grounds to establish minimum contacts necessary to confer *in personam* jurisdiction upon Defendants for the allegations contained in the Complaint.

## 2.     Fair Play And Substantial Justice

Even if this Court were to find that there are sufficient contacts with New Jersey by L'Express and Haxaire to exercise jurisdiction over them, it would

14

nevertheless be inappropriate to exercise such jurisdiction as it would offend traditional notions of fair play and substantial justice. See Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 113 (1987) (citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Relevant factors include the burden upon the defendant, the interests of the forum state, the Plaintiffs' interest, and "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies." WorldWide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980).

Obviously, litigating this matter in New Jersey would place a burden upon L'Express and Thierry Haxaire. Here, the business is located in New York, and Haxaire both lives and works in New York. There is no countervailing interest of New Jersey state to regulate the conduct of this foreign corporation or Haxaire, because they do not do any business in New Jersey. Neither of these defendants have any contact with the Plaintiffs, other than the fact that Plaintiffs are former employees of L'Express in New York. Accordingly, haling L'Express and Haxaire into a New Jersey court runs contrary to traditional notions of fair play and substantial justice. See Washington v. Magazzu, 216 N. J. Super. 23 (App. Div. 1987). Accordingly, this Court should not invoke *in personam* jurisdiction over

L'Express or Haxaire, and Plaintiff's Complaint against Park Cake Inc. d/b/a L'Express and Thierry Hazaire should be dismissed.

# POINT II

## VENUE IN NEW JERSEY IS IMPROPER

**A.     Venue is Improper Pursuant to 28 <u>U.S.C</u>. 1391(a)**

On its face, plaintiffs' Complaint reveals that this Court is not the proper venue for this action. Fundamentally, all of the defendants reside and do business in New York. Moreover, Plaintiffs do not allege that any occurrences or transactions pertaining to this litigation took place in New Jersey. Accordingly, this action should be dismissed pursuant to 28 <u>U.S.C.A</u>. §1391(a), which provides in relevant part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in a the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

As the only tie to this jurisdiction is the plaintiffs' residential status, to the extent plaintiffs claims should be heard, proper venue lies in New York, not in New Jersey. <u>See</u> <u>Database America, Inc. v. Bellsouth Advertising & Publishing Corp.</u>, 825 F.Supp. 1195 (D.N.J. 1993 (analyzing the similar venue provision of 28 U.S.C.A. Section 1391(b), and holding that transfer of venue was appropriate where the Court lacked personal jurisdiction over defendant).

**B.** **Transfer of Venue is Appropriate Under 28 U.S.C. §1404(a)**

In the alternative, this Court should transfer this matter to the Southern District of New York, where venue is more properly situated. 28 U.S.C. § 1404(a) provides that:

> **§1404 Change of Venue**
>
> (a) For the convenience of the parties, and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

As explained elsewhere in this brief, all the Defendants are residents of, and do business in, New York City, New York. The restaurant where the Plaintiffs were employed was located in New York. The incidents which are alleged to have caused Plaintiffs damage are alleged to have occurred in New York, and are derived out of their employment at L'Express. Therefore, because all activities took place in New York, and presumably all witnesses will be from or work in New York, venue is most appropriately placed in New York. Accordingly, if this matter is not dismissed, it should, at least, be transferred to the Southern District of New York.

# POINT III

## PLAINTIFFS' NEW JERSEY LAD CLAIMS MUST BE DISMISSED PURSUANT TO FEDERAL RULE 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6), this Court may grant the with within motion to dismiss Plaintiffs' LAD claims for failure to state a claim upon which relief can be granted if, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief." Oatway v. Am. Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003).  "In setting forth a valid claim, a plaintiff is required only to plead a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). '[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)."  Turkus v. Util. Mfg. Co., Inc., 2007 U.S. Dist. LEXIS 25056, 3-4 (D.N.J. 2007).

In the Complaint, Plaintiffs allege damages as a result of Defendants' violations of N.J.S.A. 10:5-1 et. seq., the New Jersey Statute commonly known as the LAD.  Here, the Court need only review the Complaint to determine that Plaintiffs do not have a cause of action under the New Jersey LAD.  In the Complaint, Plaintiffs admit that they all worked at L'Express in New York and each Plaintiff claims to have been subjected to discriminatory actions which took

place in New York. (See Docket No. 1, Exhibit 1, Complaint, e.g., ¶7-9; 23-25;

35-37), Plaintiffs do not allege they ever worked for Defendants in New Jersey.

Thus, Plaintiffs have no cause of action against Defendants under the New Jersey

LAD.

New Jersey laws are intended to regulate conduct in New Jersey, not

conduct outside of New Jersey. D'Agostino v. Johnson & Johnson, 143 N.J. 516,

538-539; 628 A.2d 305 (1993). Thus, Defendants cannot be subject to the New

Jersey LAD because they are not residents of New Jersey, do not do business in

New Jersey, and are not New Jersey employers.

Recently the New Jersey District Court in Turkus v. Util. Mfg. Co., Inc.,

2007 U.S. Dist. LEXIS 25056, 5-6 (D.N.J. 2007) dismissed LAD claims for failure

to state a cause of action under the New Jersey LAD. Plaintiff, a New Jersey

resident, sued her former employer, a New York Corporation with its primary

business in New York, seeking damages for violation of the New Jersey LAD.

The Court, finding that the New Jersey LAD only applies to New Jersey

employers, explained:

> although the statutory language of NJLAD does not
> explicitly require the protected employment to occur in
> New Jersey, New Jersey courts "have consistently . . .
> only applied the NJLAD if the plaintiff worked in New
> Jersey." Satz v. Taipina, No. 01-cv-5921, 2003 U.S. Dist.
> LEXIS 27237, at *46 (D.N.J. Apr. 15, 2003), aff'd, 122
> F. App'x 598 (3d Cir. 2005); see also Buccilli v. Timby,
> Brown & Timby, 283 N.J. Super. 6, 660 A.2d 1261 (N.J.

Super. Ct. App. Div. 1995) [ ] (holding that NJLAD did not apply to a New Jersey resident who worked exclusively in Pennsylvania). Furthermore, while "NJLAD protects . . . both residents and non-residents working in New Jersey . . . [e]mployees working outside New Jersey, however, are not protected even if they are New Jersey residents." 18 Marvin M. Goldstein & Stanley L. Goodman, New Jersey Practice § 4.2 (2d ed. 2007); see also Kelman v. Foot Locker, No. 05-cv-2069, 2006 U.S. Dist. LEXIS 83465, at *17-18 (D.N.J. Nov. 16, 2006). Thus, Plaintiff cannot bring his employment discrimination claim under NJLAD.

Turkus, Id. at 5-6.

See also Alito, Employment Litigation in New Jersey § 14.34 (warning practitioners that "[i]t is important to note that individuals who are not employed or who do not perform some work in New Jersey will not be covered under the LAD.") (Citing Shamley v. I.T.T. Corp., 869 F.2d 167, 172 (2d Cir. 1989); Buccilli v. Timby, Brown & Timby, 283 N.J. Super. 6, 11, 660 A.2d 1261 (App. Div. 1995); Brunner v. AlliedSignal, Inc., 198 F.R.D. 612, 613-14 (D.N.J. 2001).)

Thus, because Plaintiffs were not employed in New Jersey, and did not perform any work for Defendants in New Jersey, Plaintiffs cannot maintain a cause of action against Defendants under the New Jersey LAD. Therefore, Counts I, III, IX and XI of the Complaint, wherein Plaintiffs seek damages arising out of alleged violations of the New Jersey LAD, should be dismissed with prejudice.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants Park Cake, Inc., d/b/a L'Express and Thierry Haxaire LLC respectfully request that Plaintiffs' Complaint against them be dismissed. In the alternative Defendants respectfully request that this matter be transferred to the Southern District of New York, and that the Court dismiss Counts I, III, IX and XI of the Complaint, for failure to state a claim upon which relief can be granted under the New Jersey Law Against Discrimination <u>N.J.S.A.</u> 10:5-1, <u>et. seq.</u>

Respectfully Submitted,
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendants Park Cake Inc,. d./b/a/ L'Express and
Thierry Haxaire


By: <u>*/s/ Thomas F. Quinn*</u>
        Thomas F. Quinn, Esq.

Dated: November 28, 2007

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
**Thomas F. Quinn**
**33 Washington Street**
**Newark, New Jersey 07102-5003**
**Tel:  (973) 624-0800**
**Fax: (973) 624-0799**
**Attorneys for Defendants Park Cake, Inc. d/b/a L'Express and**
**Thierry Haxaire**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ABDELAZIZ ELMHADA, ASHRAF F. NASSIEF & VICTOR TAWFIK,  :  :  : | Civil Action: 2:07-cv-05221-FSH-PS |
| Plaintiffs,  :  : | |
| v.  :  : | **CERTIFICATION OF KIM M. CONNOR** |
| PARK CAKE, INC., D/B/A L'EXPRESS, THIERRY HAXAIRE, Individually and as an Owner and General Manager of L'Express, "CARINE," Individually and as a General Manager of L'Express, and JOHN AND JANE DOES No. 1-50,  :  :  :  :  :  :  : | |
| Defendants.  : | |

I, Kim M. Connor, hereby certify as follows:

1.     I am a member of the bar in good standing in the State of New Jersey and this District and an Associate with the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for Defendant Park Cake, Inc. d/b/a L'Express and Thierry Haxaire ("Defendants").

1

672354.1

2.    Attached hereto as Exhibit "A" is a true and accurate copy of the Certification of our client, Thierry Haxaire.

3.    I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

> **WILSON, ELSER, MOSKOWITZ, EDELMAN &
> DICKER LLP**
> Defendants, Park Cake, Inc. d/b/a L'Express and
> Thierry Haxaire
>
>
> By:/s/ *Kim M. Connor*
>        Kim M. Connor, Esq.
>        33 Washington Street - 17th Floor
>        Newark, New Jersey 07102
>        (973) 624-0800
>        Kim.Connor@wilsonelser.com

Dated: November 28, 2007

672354.1

# EXHIBIT A

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Thomas F. Quinn
33 Washington Street
Newark, New Jersey 07102-5003
Tel: (973) 624-0800
Fax: (973) 624-0799
Attorneys for Defendants Park Cake, Inc. d/b/a L'Express and Thierry Haxaire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDELAZIZ ELMHADA, ASHRAF F. NASSIEF & VICTOR TAWFIK, | Civil Action: 2:07-cv-05221-FSH-PS |
| Plaintiffs, | |
| v. | CERTIFICATION OF THIERRY HAXAIRE |
| PARK CAKE, INC., D/B/A L'EXPRESS, THIERRY HAXAIRE, Individually and as an Owner and General Manager of L'Express, "CARINE," Individually and as a General Manager of L'Express, and JOHN AND JANE DOES No. 1-50, | |
| Defendants. | |

Thierry Hazaire certifies as follows:

1.      I am the managing partner of the Defendant restaurant Park Cake d/b/a L'Express ("L'Express") in the above captioned matter and, as such, am fully familiar with the facts stated herein.  I submit this Certification in support of Defendant L'Express and Thierry Haxaire's motion to dismiss Plaintiffs' Complaint based upon lack of personal jurisdiction (or in the alternative transfer venue to New York) and to dismiss Plaintiffs' New Jersey Law Against Discrimination claims.

670274.1

2. I am currently, and at all times relevant to this litigation was, a resident of New York residing at 513 West 152nd St, New York, New York, 10031.

3. I do not own or rent property in New Jersey, nor do I otherwise conduct business in New Jersey.

4. Defendant L'Express is a New York Corporation, with its only place of business located at 249 Park Avenue So, New York, New York.

5. Defendant L'Express does not own or rent property in New Jersey, nor does it otherwise conduct business in New Jersey.

6. L'Express does not have any employees working in New Jersey, in fact, all of L'Express employees are employed at its New York location.

7. L'Express does not advertise in any New Jersey print media or with any television stations.

8. L'Express does have a website, located at http://lexpressnyc.com. The website provides information regarding hours of operation, a map of New York, menus, prices, reservations, gift cards to the restaurant and contact information including an electronic mail address and a New York based telephone number. The website does not provide information with respect to career or employment opportunities, employee benefits, staff members or other employment related information.

670274.

- 2 -

9.    The Defendant identified as "Carine" at paragraph 6 of the Complaint was employed as a general manager of L'Express and went by the name of "Carine Chauvet." However, at the time of her employment she advised L'Express that her name was Karen Masse, and identified her address as 150 West 140th Street, New York, New York 10030

10.    I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Thierry Haxaire

Dated:

11-23-2007

670274.1

- 3 -

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
**Thomas F. Quinn**
**33 Washington Street**
**Newark, New Jersey 07102-5003**
**Tel: (973) 624-0800**
**Fax: (973) 624-0799**
**Attorneys for Defendants Park Cake, Inc. d/b/a L'Express and**
**Thierry Haxaire**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDELAZIZ ELMHADA, ASHRAF F. NASSIEF & VICTOR TAWFIK, | : : Civil Action: 2:07-cv-05221-FSH-PS : |
| Plaintiffs, | : : **ORDER** : |
| v. | : : |
| PARK CAKE, INC., D/B/A L'EXPRESS, THIERRY HAXAIRE, Individually and as an Owner and General Manager of L'Express, "CARINE," Individually and as a General Manager of L'Express, and JOHN AND JANE DOES No. 1-50, | : : : : : : : |
| Defendants. | : : |

**THIS MATTER** having come before the Court on Notice of Motion by

Wilson, Elser, Moskowitz, Edelman & Dicker LLP on behalf of Defendants Park

Cake, Inc., d/b/a L'Express and Thierry Haxaire; and the Court having considered

the Motion to Dismiss the Complaint for lack of personal jurisdiction, or in the

alternative transfer venue to the Southern District of New York; and to Dismiss

Plaintiffs' New Jersey Law Against Discrimination claims in the entirety and

having considered all submissions in opposition to Defendants' Motion; and good cause appearing;

      **IT IS** on this _____ day of December 2007

      **ORDERED** that Defendants' Motion to dismiss Plaintiffs' Complaint for lack of personal jurisdiction is GRANTED;

      **ALTERNATIVELY ORDERED** that Defendants' Motion to transfer venue of this matter to the Southern District of New York is GRANTED; and it is further

      **ORDERED** that Defendants' Motion to dismiss Plaintiffs' claims for damages under the New Jersey Law Against Discrimination, <u>N.J.S.A</u>. 10:5-1, et seq. for failure to state a claim upon which relief can be granted against Defendants is GRANTED.

                          _____

672377.1

**Chatarpaul Law Offices, P.C.**
50 Harrison Street, Suite 211B
Hoboken, New Jersey 07030
Tel.    201-222-0123
Fax.    201-603-1151

Email:  info@chatarpaullaw.com, jc@chatarpaullaw.com
Website: www.chatarpaullaw.com

December 10, 2007

Hon. Faith S. Hochberg
U.S. District Judge
U.S. District Court
District of New Jersey
US Courthouse
50 Walnut Street
Newark, NJ 07101

Re:    Elmhada et al. v. Park Cake, Inc. et al.
       Civil Action No. 2:07-cv-05221-FSH-PS
       Motion return date: December 24, 2007

Dear Honorable Judge Hochberg:

I am the attorney for the plaintiffs in the above-entitled action. Kindly accept this letter memoranda in response to defendant's notice of motion to dismiss complaint.

Based on the arguments set forth in defendants' Memorandum of Law, and pursuant to 28 U.S.C. §1404(a), plaintiffs do not oppose defendants' motion to transfer this matter to the Southern District of New York in the interest of justice and for the convenience of the parties and witnesses.

Thank you for your consideration.

Respectfully,

/s/ *Jay Chatarpaul*
Jay Chatarpaul

Cc:    Abdelaziz Elmhada
       Ashraf F. Nassief
       Victor Tawfik

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

33 Washington Street, Newark, New Jersey 07102-3017   Tel: (973) 624-0800   Fax: (973) 624-0808

*Albany ● Baltimore ● Boston ● Chicago ● Dallas ● Garden City ● Houston ● Las Vegas ● London ● Los Angeles ● McLean*
*Miami ● Newark ● New York ● Orlando ● Philadelphia ● San Diego ● San Francisco ● Stamford ● Washington, DC ● White Plains*
*Limited Liability Partnership of NY*
*Affiliates: Berlin ● Cologne ● Frankfurt ● Mexico City ● Munich ● Paris*
———
www.wilsonelser.com

| | | | |
|---|---|---|---|
| JAMES CRAWFORD ORR | KURT W. KRAUSS | ELIZABETH R. CHARTERS | KIM M CONNOR |
| WILLIAM J. RINA | KELLY A. WATERS | SUNA LEE | ADAM S PICINICH |
| THOMAS F. QUINN | COLIN P. HACKETT | JOAN H. LANGER | ROBERT W. DARISH |
| BRIAN W. McALINDIN | BRIAN J. WHITEMAN | ROBERT T. GUNNING | JOHN J. SHOTTER |
| BARBARA HOPKINSON KELLY | SUSAN KARLOVICH | JOANNA PIOREK | PETER A. SWIFT |
| CAROLYN F. O'CONNOR | MATTHEW S. MAHONEY | SETH PTASIEWICZ | JOSEPH P. RINDONE |
| JANE ANDREWS | KEVIN C. DONOVAN | KURT H. DZUGAY | ADAM J. KIPNIS |
| TINA A. JORDAN | JAMES S. REHBERGER | GINA CALABRIA | RUSSELL J. HEIMS |
| STEPHEN R. KNOX | JOSEPH T. HANLON | MICHAEL T. HENSLEY | ERIC T. EVANS |
| ROBERT M. TOSTI | ROBERT LESKO | KEITH A. LOUGHLIN | GREGORY T. FOOTE |
| WILLIAM P. KRAUSS | | JOHN W. WILLIAMS | JULIE VON BEVERN |
| MICHAEL J. NAUGHTON | OF COUNSEL | PETER A. McKENZIE | MICHAEL L. TRUCILLO. |
| MARTIN J. SULLIVAN | ROBERT C. NEFF, JR. | CHRISTOPHER W. McCLANAHAN | MATHEW BRODERICK |
| JOSEPH A. GALLO | JOHN P. O'TOOLE | SHAUN S. McGREGOR | LAUREN IPPOLITO |
| ROBERT A. BERNS | GREGG S. KAHN | TIMOTHY COUGHLAN | |

KEITH G. VON GLAHN (1952-2007)

December 12, 2007

**Via Electronic Filing Only**
Honorable Faith S. Hochberg, U.S.D.J.
U.S. District Court
District of New Jersey
U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

|       |                                                          |
|-------|----------------------------------------------------------|
| Re:   | Abdelaziz Elmhada, et als. v. Park Cake, Inc., et als.    |
|       | Civil Action No.: 2:07-cv-05221-FSHS-PS                   |
|       | **Motion Return Date:    December 24, 2007**              |
|       | Our File No.:        09348.00051                          |

Dear Judge Hochberg:

This firm represents Defendants Park Cake, Inc. d/b/a L'Express and Thierry Hazaire in connection with the above referenced matter. We submit this letter in support of Defendants Motion to Dismiss the Complaint for Lack of Jurisdiction, or in the alternative transfer the matter to the Southern District of New York, and to dismiss Plaintiffs' New Jersey Law Against Discrimination claims.

We are in receipt of Plaintiffs' letter memorandum to the Court dated December 10, 2007, wherein they advise that they do not oppose Defendants' Motion to Transfer this matter to the Southern District of New York. However, we note that Plaintiffs' did not address, or even oppose, Defendants' Federal Rule 12(b)(6) Motion to dismiss Plaintiffs' claims for relief pursuant to N.J.S.A. 10:5-1, et. seq., the New Jersey Law Against Discrimination ("NJLAD"), for failure to state a claim upon which relief may be granted.

We respectfully request that this Court consider Defendants' Motion to dismiss the NJLAD claims on the merits, and dismiss that portion of Plaintiffs' Complaint, for the reasons set forth in our moving brief.

676629.1

Honorable Faith S. Hochberg, U.S.D.J.
December 12, 2007
Page 2


Thank you in advance for your consideration.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

//s// Thomas F. Quinn
Thomas F. Quinn

TFQ/mn

cc:    Jay Chatarpaul, Esq.
       Kim M. Connor, Esq.

Honorable Faith S. Hochberg, U.S.D.J.
December 12, 2007
Page 3

bcc:    Steven L. Young, Esq. (WEMED-WP)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**Honorable  Patty Shwartz**                          **U.S. Post Office & Courthouse Bldg.**
**United States Magistrate Judge**                    **Federal Square, Newark, NJ  07101**
                                                      **(973) 645-6596**

                                                      January 11, 2008

**LETTER ORDER**

**RE:    ABDELAZIZ ELMHADA v. PARK CAKE, INC.**

       **Civil Action No. 07-5221(FSH)**

Dear Litigants:

      I have been assigned case management responsibilities in the above-referenced matter.

      Be advised, the Court has implemented an electronic case filing system for all documents filed with the Clerk of the Court.  Electronic case filing is mandatory for all cases except those involving a pro se litigant. Registration forms, on-line training, policies and procedures can be obtained from the Clerk's Office or the website: pacer.njd.uscourts.gov.  On-site training is also available and can be arranged by contacting (973) 645-4439.  Orders will be electronically filed. Paper copies will be provided to pro se litigants. Registered counsel will be notified when an order is filed but are responsible for retrieving and reviewing the contents.

      Since discovery motions are not permitted without leave of Court, discovery disputes shall not be submitted via electronic filing.  Rather, such disputes shall be brought to the Court's attention via letter. Furthermore, no dispositve motions shall be filed without leave of Court.

      If you have any questions, please contact my Deputy Clerk, Amy Andersonn at (973) 645-3715.

                Very truly yours,

                s/Patty Shwartz

                **United States Magistrate Judge**

CLOSED

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                        )
ABDELAZIZ ELMHADA,                      )
                                        )        Civil No. 07-5221
                    Plaintiff,          )        Hon. Faith S. Hochberg, U.S.D.J.
        v.                              )
                                        )        **ORDER**
                                        )
PARK CAKE INC., d/b/a/ L'EXPRESS, et al., )      February 6, 2008
                                        )
                    Defendants.         )
                                        )
_____ )

This matter comes before the Court upon Defendants' motions to dismiss for lack

of personal jurisdiction, or alternatively, to transfer venue and to dismiss Plaintiffs' New Jersey

Law Against Discrimination claim for failure to state a claim; and Plaintiffs having consented to

transfer of this action to the Southern District of New York; and in the interest of

justice and for good cause having been shown,

**IT IS** on this 6th day of February, 2008,

**ORDERED** that the above-captioned action is hereby **TRANSFERRED** to the

Southern District of New York; and it is further

**ORDERED** that Defendants' motion to dismiss Plaintiffs' New Jersey Law Against

Discrimination claim for failure to state a claim shall be considered by the United States District

Court for the Southern District of New York; and it is further

**ORDERED** that this case is **CLOSED**.

/s/ Faith S. Hochberg_____
Hon. Faith S. Hochberg, U.S.D.J.

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### OFFICE OF THE CLERK

50 Walnut Street
Newark, NJ 07102
(973)645-4583
2/8/08

CLERK
United States District Court
 for the Southern District of New York
120 Patrick Moynihan USCH
500 Pearl Street
New York, NY  10007-1312

Re:  ELMHADA VS. PARK CAKE, INC., et al
     Civil Docket No. CV-07-5221(FSH)

Dear Clerk:

     The above-captioned case has been transferred to your court pursuant to the enclosed Certified copy of the Court's Order dated 2/6/08.  You can obtain the  original record by accessing CM/ECF through PACER.           Kindly acknowledge receipt on the duplicate of this letter, which is provided for your convenience.

Very truly yours,

WILLIAM T. WALSH, Clerk

By:  SHEREE RAIMO
     Deputy Clerk

RECEIPT    ACKNOWLEDGED    BY:    _____    DATE:
_____.

Y O U R      C I V I L     D O C K E T    N U M B E R :
_____.

## Instructions for Retrieving Electronic Case Files

1. Access  the  CM/ECF  website  for  the  District  of  New  Jersey  at https://ecf.njd.uscourts.gov