UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                        :
ABDELAZIZ ELMHADA, ASHRAF           :
NASSIEF & VICTOR TAWFIK,             :
                                        : Case No. 08 Civ. 1564 (GEL)
              Plaintiffs,          :
   -against-                               :
                                        : **AMENDED COMPLAINT**
                                        : **WITH JURY DEMAND**
PARK CAKE, INC., D/B/A L'EXPRESS   :
THIERRY HAXAIRE, Individually and as  :
an Owner and General Manager of L'Express, :
CARINE CHAUVET, Individually and as a General:
Manager of L' Express, and John and Jane Does :
Nos. 1-50,                               :
------------------------------------------------------------------x

Plaintiffs, Abdelaziz Elmhada, Ashraf Nassief & Victor Tawfik, by their attorneys, Chatarpaul Law Offices, P.C., as for their Amended Complaint, allege as follows:

## NATURE OF THE CASE

1.  This is an action arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., the laws of the State of New York and the laws of the City of New York, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiffs have suffered as a result of being discriminated against and discharged by their former employer, Park Cake, Inc., d/b/a L'Express, on the basis age, sex, gender, national origin, ethnicity, as well as for retaliation for the invocation of their protected activities.

## JURISDICTION AND VENUE

2.  The Court has jurisdiction pursuant to 42 U.S.C. §§ 2000e et. seq. (Title VII), 29 U.S.C.. § 623 et seq. (ADEA)**,** *28* U.S.C. § 1331 (Federal Question), 28 U.S.C §1332 (Diversity) and 28 USC §1367 (pendent jurisdiction).

3. Venue is proper in the Southern district of New York based upon Plaintiffs' employment with Defendant Park Cake, Inc., d/b/a L'Express, which maintains a place of business in the County of New York within the jurisdiction of this Court.

## PARTIES

4. Plaintiff Abdelaziz Elmhada ("Elmhada") is a male, of Arab descent and Moroccan origin, and a resident of the City of Clifton, State of New Jersey.

5. Elmada was employed by Defendant Park Cake, Inc., d/b/a L'Express for approximately nine (9) years at the time of his termination.

6. Plaintiff Ashraf Nassief ("Nassief") is a male and a resident of the City of Jersey City, State of New Jersey

7. Nassief was employed by Defendant Park Cake, Inc., d/b/a L'Express for approximately six and one-half years (6 & ½) at the time of his termination.

8. Plaintiff Victor Tawfik ("Tawfik") is a male and a resident of the City of Bayonne, State of New Jersey

9. Tawfik was employed by Defendant Park Cake, Inc., d/b/a L'Express for approximately four (4) months at the time of his termination.

10. Defendant, Park Café, Inc., d/b/a L'Express ("L'Express) is an "employer" as defined in 42 U.S.C. § 2000e(b) that employs over 15 persons and is engaged in an industry affecting commerce, and located at 249 Park Avenue South, New York, New York.

11. Defendant Thierry Haxaire is an owner and managing partner of L'Express.

12. Defendant Carine Chauvet is a female and a former general manager of L'Express and was the immediate supervisor to the plaintfifs herein.

## PROCEDURAL PREREQUISITES

13. On or about February 27, 2007, Plaintiff Elmhada filed charges of discrimination based on *inter alia* race, color, age, national origin and retaliation with the New York State Division of Human Rights ("DHR") and the United States Equal Employment Commission ("EEOC").

14. On or about February 8, 2007, Plaintiff Nassief filed charges of discrimination based on sex, retaliation based on sex, and age with the DHR and the EEOC.

15. On or about May 24, 2007, the DHR dismissed the charges filed by Elmhada and Nassief on the grounds of administrative convenience in order for Plaintiffs to pursue their claims in federal court

16. On or about June 27, 2007, Plaintiffs Elmhada and Nassief were issued a Notice of Suit Rights letters by the EEOC.

17. Plaintiffs Elmhada and Nassief's original complaint was filed on or about August 14, 2007, within 90 days of the receipt of the Notice of Suit Rights letters with respect to claims governed by federal law.

## FACTUAL ALLEGATIONS

**Abdelaziz Elmhada**

18. Almhada began working for defendant L'Express on January 15, 1998 as a cook.

19. Throughout the course of his employment, Almhada was promoted to various other positions within L'Express, the last such promotion was on December 15, 2000 to senior manager with an annual salary of $52,200.00.

20. Despite the aforementioned promotions, Elmhada was subjected to various acts of discrimination during his employment with L'Express.

21. At the time of his termination, Elmhada was 47 years old, single father of a young

child and of Moroccan background.

22. On or about April 26, 2006, defendant Haxsaire began making highly offensive comments regarding Elmhada's ethnic background, and these comments continued until Elmhada was terminated.

23. Such comments would include "you Moroccan people are always making trouble" and showing Elmhada emails and websites displaying offensive jokes about Arabs and Moroccan people.

24. On or about December, 2006/January 2007, Elmhada complained to Haxsaire that another employee (plaintiff Victor Tawfik) was subjected to continuous sexual harassment by Defendant Carine Chauvet ("Chauvet"), the general manager of L'Express, who was hired by Haxaire in September 2006.

25. Haxaire took no action with respect to this complaint and failed to investigate Elmhada's complaint.

26. On or about December,2006/January 2007, Elmhada also complained to another owner of L'Express, Simon Orea, about the sexual harassment of Chauvet.

27. Haxaire was then directed or ordered to terminate Chauvet's employment as a result of the complaints of sexual harassment.

28. On or about January 5, 2006, Haxaire fired Chauvet pursuant to the direction of Simon Orea.

29. Three (3) days later, on January 8, 2007, Haxaire called Elmhada into his office and told him that he was fired as well.

30. Haxaire told Elmhada that since he was forced to fire Chauvet he was going to fire him because of the complaints he made to the upper level management, i.e., to Simon Orea.

31. Haxaire also told Elmhada that he needed "young people" and "fresh blood" to work for the restaurant.

32. On January 8, 2007, Elmhada was fired, along with Plaintiff Nassief (discussed below).

**Ashraf Nassief**

33. Plaintiff Nassief commenced employment with L'Express on or about June 2000.

34. On or about October 2006, defendant Chauvet and a female friend touched Nassief inappropriately during his work shift.

35. Nassief objected to this inappropriate touching and indicated that it was offensive to him.

36. This type of offensive touching was sexual in nature and was offensive to Nassief.

37. Defendant Chauvet was unmoved by Nassief's complaint and her conduct towards Nassief continued.

38. In the early part of November 2006, Nassief again protested to defendant Chauvet's unlawful and unwanted sexual harassment. However, Chauvet stated to Nassief that "I am a woman and you are a man; just be nice to me and I will give you a raise and better hours."

39. Nassief refused to subject himself to defendant Chauvet's unwanted sexual advance as he was married with children.

40. Frustrated, Defendant Chauvet told Nassief "you are too old for the job."

41. Nassief was 41 years old at the time of his termination.

42. On or about December 2006, Nassief complained in a daily shift report to the Senior Manager ("Barbara") that he was having difficulties working with Defendant Chauvet.

43. Additionally, Nassief informed "Barbara" of the acts of discrimination and sexual

5

harassment by Chauvet.

44. On January 5, 2007, Defendant Chauvet was terminated by L'Express.

45. Chauvet's termination was directly related to the plaintiffs' complaint of sexual harassment.

46. On January 8, 2007, while on vacation, plaintiff Nassief was also terminated by telephone after being employed for almost 7 years by L'Express.

**Victor Tawfik**

47. Plaintiff Victor Tawfik (hereinafter "Tawfik") was employed by L'Express as a part time host on or about September 2006.

48. At the time of his hiring, Tawfik was approximately 22 years old.

49. As soon as he was hired by L'Express and assigned to his duty as a host, Tawfik immediately became a victim to Defendant Chauvet's sexual harassment.

50. On or about October 6, 2006, at the end of Tawfik's shift (6:30 am), defendant Chauvet requested that Tawfik drive her home to her Manhattan apartment.

51. While in front of her apartment building at approximately 6:45 a.m. defendant Chauvet sat in Tawfik vehicle and attempted to kiss Tawfik, touching his hand and body and requested that Tawfik go with her into her apartment for the purpose of having sex.

52. Defendant Chauvet told Tawfik that she would make him a night manager if he would be her boyfriend.

53. Defendant Chauvet also assured Tawfik that she could not get pregnant because she had a vasectomy.

54. Tawfik refused to go with Defendant Chauvet into her apartment.

55. Defendant Chauvet remained in Tawfik's vehicle for several hours in attempting

to encourage him to accompany her to her apartment for sex.

56. Following this incident, Defendant Chauvet would repeatedly contact Tawfik on his cell phone in Bayonne, New Jersey for the purpose of sexual favors.

57. Each time Defendant Chauvet would request that she come to Tawfik's home in Bayonne for the purpose of having sex.

58. Each time, Tawfik would inform her that his religion did not permit such kind of sexual acts while unmarried.

59. Subsequently, Defendant Chauvet would continue encouraging Tawfik to date her, and such acts and conducts include touching of his buttocks, pulling on his shirt, and other acts of sexual harassment.

60. These acts and conducts occurred at his place of employment.

61. On or about October 13, 2007, Defendant Chauvet again requested that Tawfik drive her home after the end of Tawfik's shift.

62. Tawfik again complied as he believed that if he did not comply with the wishes of Chauvet he would lose his job.

63. While in front of Defendant Chauvet apartment building on October 13, 2007, Chauvet again attempted to get Tawfik to go with her into her apartment, telling her that she lives alone and no one else was in the apartment.

64. Defendant Chauvet did not want to leave Tawfik's vehicle and at one point started to cry.

65. Subsequently, Chauvet repeatedly requested sexual favors, and repeatedly contacted Tawfik on his cell phone in New Jersey.

66. Tawfik complained to Defendant Haxaire, who apologized to Tawfik.

67. However, Defendant Haxaire failed to take any action.

68. Tawfik told several other employees of L'Express, including Plaintiffs Almhada and Nassief.

69. On or about December 2006, Tawfik called Haxaire and told him that he was not returning to work.

70. Tawfik was compelled to resign his position as a result of the severe, pervasive, continuous and concerted acts of sexual harassment which have altered the condition of his working environment.

## FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER FEDERAL LAW AS TO PLAINTIFF ELMHADA

71. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer:

> To discriminate against any of his employees... because he has opposed any practice made unlawful employment practice by this subchapter...

72. Defendants engaged in an unlawful employment practice prohibited by 42 U.S.C. § 2000e-3(a) by discriminating against Plaintiff Elmhada because he opposed Defendants' unlawful employment practices.

73. Defendants terminated Elmhada's employment because Elmhada complained that Plaintiff Victor Tawfik was sexually harassed by Chauvet.

## SECOND ACTION FOR DISCRIMINATION UNDER FEDERAL LAW AS TO PLAINTIFF ELMHADA

74. The Age Discrimination in Employment Act, of 1967, § 4(a), as amended, 29 U.S.C.A §623 (a) provides that it shall be unlawful for an employer:

> To … discharge … or otherwise discriminate against any individual … because of such individual's age

75.     Defendants engaged in an unlawful employment practice prohibited by 29 U.S.C.A. § 623(a) by discriminating against Plaintiff Elmhada in part because of his age.

### THIRD CAUSE ACTION FOR DISCRIMINATION UNDER FEDERAL LAW AS TO PLAINTIFF ELMHADA

76.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1), provides that it shall be unlawful employment for an employer:

> To... discharge any individual, or otherwise discriminate against any individual ...because of such individual's national origin … [or] ethnicity.

77.     Defendants engaged in an unlawful employment practice prohibited by 42 U.S.C. § 2000e-3(a) by discriminating against Plaintiff Elmhada in part because of his ethnicity and Moroccan origin.

### FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER FEDERAL LAW AS TO PLAINTIFF NASSIEF

78.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1), provides that it shall be unlawful employment for an employer:

> To... discharge any individual, or otherwise discriminate against any individual ...because of such individual's sex (sexual harassment)...

79.     Defendants engaged in an unlawful employment practice prohibited by 42 U.S.C. § 2000e-2(a)(1) by discriminating against Plaintiff Nassief because of his sex (sexual harassment).

## FIFTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER FEDERAL LAW AS TO PLAINTIFF NASSIEF

80. The Age Discrimination in Employment Act, of 1967, § 4(a), as amended, 29 U.S.C.A §623 (a) provides that it shall be unlawful for an employer:

> To … discharge … or otherwise discriminate against any individual … because of such individual's age

81. Defendants engaged in an unlawful employment practice prohibited by 29 U.S.C.A. § 623(a) by discriminating against Plaintiff Nassief in part because of his age.

## SIXTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER STATE LAW AS TO PLAINTIFF ELMHADA

82. New York State Executive Law § 296(1)(a) provides that it shall be an unlawful discriminatory practice:

> For any employer ... to discharge, expel or otherwise discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article.

83. Defendants engaged in an unlawful employment practice prohibited by New York State Executive Law § 296(1)(a) by discriminating against Plaintiff Elmhada because he opposed Defendants' unlawful employment practices.

84. Defendants terminated Elmhada's employment in part because Elmhada complained that Plaintiff Victor Tawfik was sexually harassed by Chauvet

## SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER STATE LAW AS TO PLAINTIFF ELMHADA

85. New York State Executive Law § 296(1)(a) provides that it shall be an unlawful discriminatory practice:

> For an employer … because of the age … of any individual, to … discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

86. Defendants engaged in an unlawful employment practice prohibited by New York State Executive Law § 296(1)(a) by discriminating against Plaintiff Elmhada in part because of his age.

## EIGHT CAUSE OF ACTION FOR DISCRIMINATION
## UNDER STATE LAW AS TO PLAINTIFF ELMHADA

87. New York State Executive Law § 296(1)(a) provides that it shall be an unlawful discriminatory practice:

> For an employer … because of the… national origin… of any individual, to … discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

88. Defendants engaged in an unlawful employment practice prohibited by New York State Executive Law § 296(1)(a) by discriminating against Plaintiff Elmhada in part because of his national origin.

**NINTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER STATE LAW AS TO PLAINTIFF NASSIEF**

89. New York State Executive Law § 296(1)(a) provides that it shall be an unlawful discriminatory practice:

> For an employer … because of the …sex… of any individual, to … discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

90. Defendants engaged in an unlawful employment practice prohibited by New York State Executive Law § 296(1)(a) by discriminating against Plaintiff Nassief because of his sex (sexual harassment).

**TENTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER STATE LAW AS TO PLAINTIFF NASSIEF**

91. New York State Executive Law § 296(1)(e) provides that it shall be an unlawful discriminatory practice:

> For any employer… to discharge, expel or otherwise discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article.

92. Defendants engaged in an unlawful employment practice prohibited by New York State Executive Law § 296(1)(e) by discriminating against Plaintiff Nassief in part because he complained about acts of sexual harassment to himself.

## ELEVENTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER STATE LAW AS TO PLAINTIFF NASSIEF

93. New York State Executive Law § 296(1)(a) provides that it shall be an unlawful discriminatory practice:

> For an employer … because of the age … of any individual, to … discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

94. Defendants engaged in an unlawful employment practice prohibited by New York State Executive Law § 296(1)(a) by discriminating against Plaintiff Nassief in part because of his age.

## TWELFTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER STATE LAW AS TO PLAINTIFF TAWFIK

95. New York State Executive Law § 296(1)(a) provides that it shall be an unlawful discriminatory practice:

> For an employer … because of the …sex… of any individual, to … discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

96. Defendants engaged in an unlawful employment practice prohibited by New York State Executive Law § 296(1)(a) by discriminating against Plaintiff Tawfik because of his sex (sexual harassment).

## THIRTEENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER
## NEW YORK CITY ADMINISTRATIVE CODE AS TO PLAINTIFF ELMHADA

97. The New York City Administrative Code Title 8, § 8-107(7) provides that it shall be an unlawful discriminatory practice:

> [F]or any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has … opposed any practice forbidden under this chapter…."

98. Defendants engaged in an unlawful employment practice prohibited by the New York City Administrative Code Title 8, § 8-107(7) by discriminating against Plaintiff Elmhada because he opposed Defendants' unlawful employment practices.

99. Defendants terminated Elmhada's employment in part because Elmhada complained that Plaintiff Victor Tawfik was sexually harassed by Chauvet.

## FOURTEENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER
## NEW YORK CITY ADMINISTRATIVE CODE AS TO PLAINTIFF ELMHADA

100. The New York City Administrative Code Title 8, § 8-107(1)(a), provides that it shall be an unlawful discriminatory practice:

> For an employer or an employee or agent thereof, because of the actual or perceived age… of any person, to … discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

101. Defendants engaged in an unlawful employment practice prohibited by the New York City Administrative Code Title 8, § 8-107(1)(a) by discriminating against Plaintiff Elmhada in part because of his age.

14

## FIFTEENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER
## NEW YORK CITY ADMINISTRATIVE CODE AS TO PLAINTIFF ELMHADA

102. The New York City Administrative Code Title 8, § 8-107(1)(a), provides that it shall be an unlawful discriminatory practice:

> For an employer or an employee or agent thereof, because of the actual or perceived … national origin… to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

103. Defendants engaged in an unlawful employment practice prohibited by the New York City Administrative Code Title 8, § 8-107(1)(a), by discriminating against Plaintiff Elmhada in part because of his national origin.

## SIXTEENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER
## NEW YORK CITY ADMINISTRATIVE CODE AS TO PLAINTIFF NASSIEF

104. The New York City Administrative Code Title 8, § 8-107(1)(a), provides that it shall be an unlawful discriminatory practice:

> For an employer or an employee or agent thereof, because of the actual or perceived … gender… of any person, to … discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

105. Defendants engaged in an unlawful employment practice prohibited by The New York City Administrative Code Title 8, § 8-107(1)(a), by discriminating against Plaintiff Elmhada in part because of his sex/gender.

## SEVENTEENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK CITY ADMINISTRATIVE CODE AS TO PLAINTIFF NASSIEF

106. The New York City Administrative Code Title 8, § 8-107(7) provides that it shall be an unlawful discriminatory practice:

> [F]or any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has … opposed any practice forbidden under this chapter….

107. Defendants engaged in an unlawful employment practice prohibited by the New York City Administrative Code Title 8, § 8-107(7), by discriminating against Plaintiff Nassief because he opposed Defendants' unlawful employment practices, and because Nassief complained about sexual harassment to himself.

## EIGHTEENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK CITY ADMINISTRATIVE CODE AS TO PLAINTIFF NASSIEF

108. The New York City Administrative Code Title 8, § 8-107(1)(a), provides that it shall be an unlawful discriminatory practice:

> For an employer or an employee or agent thereof, because of the actual or perceived age… of any person, to … discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

109. Defendants engaged in an unlawful employment practice prohibited by the New York City Administrative Code Title 8, § 8-107(1)(a) by discriminating against Plaintiff Nassief in part because of his age.

### NINTEENTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER NEW YORK CITY HUMAN RIGHTS AS TO PLAINTIFF TAWFIK

110. The New York City Administrative Code Title 8, § 8-107(1)(a), provides that it shall be an unlawful discriminatory practice:

> For an employer or an employee or agent thereof, because of the actual or perceived … gender… of any person, to … discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

111. Defendants engaged in an unlawful employment practice prohibited by the New York City Administrative Code Title 8, § 8-107(1)(a) by discriminating against Plaintiff Tawfik in part because of his sex/gender.

### INJURY AND DAMAGES

112. As a result of the Defendants' unlawful discriminatory employment practices, Plaintiffs have suffered injury to their reputation and mental, emotional and physical distress, pain and suffering.

### REMEDY

**WHEREFORE,** Plaintiffs request a judgment against the Defendants:

A. Declaring that Defendants engaged in an unlawful employment practice prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. C. §§ 2000e et. seq., New York State Executive Law §§ 296 et. seq. and New York City Administrative Code Title 8, §§ 8-107 et. seq. by discriminating against and retaliating against Plaintiffs;

B. Awarding Plaintiffs all loss of past and future earnings, including reasonable and expected increases, loss of retirement income and all other benefits they would have expected to earn during their entire lifetimes had it not been for Defendants' unlawful discharge of their employment;

C. Awarding damages to the Plaintiffs to otherwise make them whole for any losses suffered as a result of such unlawful employment practices;

D.  Awarding Plaintiffs compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to their reputations in an amount to be proven at trial;

E.  Awarding Plaintiffs punitive damages;

F.  Awarding Plaintiffs attorneys' fees, costs and expenses incurred in the prosecution of the action;

G.  Awarding Plaintiffs such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## **JURY DEMAND**

Plaintiffs demand a trial by jury.

Dated:   September 2, 2008

Respectfully submitted,

/jc/
Jay Chatarpaul (JC4425)
Chatarpaul Law Offices, P.C
*Attorneys for Plaintiffs*
50 Harrison Street, Suite 310D
Hoboken, New Jersey 07030
(201)222-0123
(201) 603-1151 (Fax)
info@chatarpaullaw.com